SYPHARD, Appellee,

v.

VRABLE, Appellant.

[Cite as *Syphard v. Vrable* (2001), 141 Ohio App.3d 460.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 00CA16.

Decided March 26, 2001.

*James R. Lanzo,* for appellee.

*Brian Kopp,* for appellant.

———

Vukovich, Presiding Judge.

Defendant-appellant Kristine Vrable appeals from a judgment rendered by the Mahoning County Common Pleas Court overruling her motion to set aside a default judgment in favor of plaintiff-appellee Jerry Syphard. For the following reasons, the judgment of the trial court is reversed, and this cause is remanded.

## STATEMENT OF THE CASE

Appellee owns and operates a construction company. Appellant was employed as the company's bookkeeper. On November 12, 1998, appellant was indicted for tampering with records and theft. The indictment alleged that appellant had utilized her position to forge checks and take money from appellee's business accounts.

On April 19, 1999, appellee filed a complaint against appellant. The complaint sought damages for the misappropriation of funds from his business. On June 29, 1999, appellee filed a motion seeking judgment against appellant because she had failed to timely respond to the complaint. On July 1, 1999, the trial court sustained appellee's motion and entered a default judgment against appellant for $30,000 plus interest and costs.

On November 30, 1999, appellant filed a motion to set aside the default judgment pursuant to Civ.R. 60(B). On December 21, 1999, the trial court overruled appellant's motion. This appeal followed.

Appellant's sole assignment of error on appeal alleges:

"The trial court abused its discretion by denying plaintiff/appellant's motion to set aside judgment."

## LAW AND ANALYSIS

Motions for relief from judgments are governed by Civ.R. 60(B), which states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3), not more than one year after the judgment, order or proceeding was entered or taken."

To prevail on a Civ.R. 60(B) motion, the movant must demonstrate three factors: (1) a meritorious defense if relief is granted; (2) entitlement to relief under Civ.R. 60(B)(1) through (5); and (3) that the motion was filed within a reasonable time, the maximum being one year from the date of the judgment entry if relief is sought under Civ.R. 60(B)(1) through (3). *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150–151, 1 O.O.3d 86, 88–89, 351 N.E.2d 113, 115–116. These requirements are in the conjunctive. All three factors must be met to fulfill the test. *Id.* at 151, 1 O.O.3d at 88–89,351 N.E.2d at 116. This court will not disturb a trial court's decision concerning motions filed under Civ.R. 60(B) absent an abuse of discretion. *State ex rel. Russo v. Deters* (1997), 80 Ohio St.3d 152, 153, 684 N.E.2d 1237, 1238. "Abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875, 880.

Appellant contends that each of the *GTE* factors was met and that the trial court abused its discretion when it overruled her motion. We will now consider each of the factors separately.

## A. MERITORIOUS DEFENSE

Appellant claims that she has two meritorious defenses to appellee's action. First, she contends that the default judgment entered against her established only liability. She argues that the amount of damages is still in dispute. She avers that she agreed to make restitution as part of her criminal plea, but appellee continually increased the amount he claimed he was owed. Additionally, appellant asserts that some of the funds appellee claims he is owed were used to benefit appellee's spouse.

Appellant also argues that appellee consented to the use of some of the funds he claims he is owed. She contends that some of the checks listed in appellee's complaint were issued as part of his normal and routine business practices. As such, appellant claims that the first *GTE* factor has been met.

In order to satisfy the first factor, a movant's burden is only to allege a meritorious defense, not to prove that he or she will prevail on that defense. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566–567. However, the movant must allege operative facts with enough specificity to allow the trial court to decide whether he or she has met that test. *Elyria Twp. Bd. of Trustees v. Kerstetter* (1993), 91 Ohio App.3d 599, 601, 632 N.E.2d 1376, 1377–1378.

In appellant's motion to set aside the trial court's judgment, she clearly failed to allege the defense of consent. However, she adequately alleged that she could defend as to the amount of damages. She stated:

"A dispute remains as to the amount of restitution owed to plaintiff by defendant. Defendant Vrable asserts that the plaintiff is attempting to satisfy all of his personal debts by embellishing the defendant's misconduct. A hearing is scheduled for December 22, 1999, before Judge Lisotto in order to determine the proper measure of restitution owed by defendant."

Appellant alleged facts sufficient to establish a meritorious defense. In *Mazepa v. Krueger* (May 15, 1997), Cuyahoga App. No. 70472, unreported, 1997 WL 1090422, the court of appeals held that a dispute concerning the proper amount owed to the plaintiff directly affects the validity of the judgment. The court found that the defendant had demonstrated a meritorious defense satisfying the first requirement of Civ.R. 60(B). *Id.* Likewise, we find that appellant has satisfied the first *GTE* factor.

## B. ENTITLEMENT TO RELIEF

■ Appellant claims that she is entitled to relief under Civ.R. 60(B)(1) for excusable neglect. She notes that appellee filed his complaint against her while she was engaged in a criminal proceeding. She claims that she was served with appellee's complaint at a time when she was receiving numerous communications regarding her criminal charges. She contends that some of the communications about her criminal charges involved the amount of restitution owed to appellee. Because the nature of the criminal charges was similar to that of the civil claim, appellant contends that she mistakenly believed the civil complaint to be an extension or reiteration of the criminal charges.

■ Courts have had difficulty defining the term "excusable neglect." The Ohio Supreme Court has defined it in the negative by stating that "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102, 1105, citing *GTE, supra,* at 153, 1 O.O.3d at 90, 351 N.E.2d at 117. Furthermore, the Supreme Court has held that the term must be liberally construed, keeping in mind that Civ.R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 18 O.O.3d 442, 445, 416 N.E.2d 605, 609. In determining whether a party's actions amount to excusable neglect, courts must look to the facts and circumstances of each case. *D.G.M., Inc. v. Cremeans Concrete & Supply Co., Inc.* (1996), 111 Ohio App.3d 134, 138, 675 N.E.2d 1263, 1265.

In *Mansfield v. Earley* (Feb. 2, 1999), Monroe App. No. 793, unreported, 1999 WL 61579, the trial was scheduled for 8:00 a.m. The defendant did not arrive until 8:25 a.m. Before the defendant arrived in the courtroom, the trial court entered a default judgment against him. The defendant explained that he believed that the trial was to commence at 8:30 a.m., and he was in the restroom prior to the proceeding. The trial court disbelieved the defendant's explanation. It later denied his request for relief from the judgment. This court reversed. Citing *GTE, supra,* at syllabus, we noted that where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. We held that such a minor discrepancy did not demonstrate a lack of good faith on the defendant's part. Nor did the defendant engage in behavior that displayed a disregard for our justice system.

Other districts have readily provided relief from judgment, finding good-faith neglect to be excusable. In *Bailey v. Trimble* (Sept. 13, 1995), Montgomery App. No. 15235, unreported, 1995 WL 547078, the Second District Court of Appeals held that an attorney's failure to attach an affidavit to a motion for summary judgment was excusable neglect. It noted that the attorney's conduct was not substantially below what was reasonable under the circumstances and was, therefore, excusable neglect.

In *Blankenship v. Rick Case Honda/Isuzu* (Mar. 27, 1987), Portage App. No. 1669, unreported, 1987 WL 9128, the defendant's manager failed to appear at trial. Judgment was entered against the defendant. The defendant later filed a motion for relief from the judgment, claiming that its manager forgot to mark the date on his calender. The trial court sustained the defendant's motion. The Eleventh District Court of Appeals affirmed, holding that the defendant's neglect did not constitute complete disregard for the judicial system and the plaintiff's rights.

Additionally, in *Rucker v. Cvelbar Body & Paint Co.* (Dec. 7, 1995), Cuyahoga App. No. 68573, unreported, 1995 WL 723307, plaintiff's counsel missed the trial date because he lost his schedule book while campaigning for lieutenant governor. The trial court dismissed the action. Pursuant to Civ.R. 60(B), he sought to have the order set aside. His motion was denied. The Eighth District Court of Appeals reversed, holding that the conduct of plaintiff's counsel did not signify disrespect or disregard for the court or his opponent.

 In the case at bar, appellant timely appeared for all of her criminal hearings. She was in the process of discussing the amount of restitution to be paid to appellee when she was served with the civil complaint. Giving appellant the benefit of the doubt, as we must, her failure to answer the complaint did not constitute a complete disregard for the judicial system. *Kay, supra,* at 20, 665

N.E.2d at 1104–1105. It did not fall substantially below that which is reasonable under the circumstances. *Bailey, supra.* Appellant's contention that she mistakenly believed the complaint to be an extension of the criminal matter is plausible. Furthermore, Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served. *Kay, supra*, at 20, 665 N.E.2d at 1104–1105, citing *Colley, supra*, at 249, 18 O.O.3d at 445–446, 416 N.E.2d at 609–610. Therefore, given the facts of this case, we find that appellant's neglect was excusable.

## C. TIMELINESS

Appellant had one year from the date of the default-judgment entry to file her motion to set that judgment aside. The trial court entered the default judgment on July 1, 1999. Appellant filed her motion to set that judgment aside on November 30, 1999. Appellant filed her motion well within the one-year time frame. Therefore, the final *GTE* factor has been satisfied.

A trial court abuses its discretion if it denies relief when the movant has demonstrated all three *GTE* factors. *Kadish, Hinkel & Weibel Co., L.P.A. v. Rendina* (1998), 128 Ohio App.3d 349, 352, 714 N.E.2d 984, 986. In this case, appellant has satisfied all three factors. As such, the trial court abused its discretion in overruling her motion. Appellant's assignment of error is found to have merit.

For the foregoing reasons, the judgment of the trial court is reversed, and this cause is remanded for further proceedings according to law and consistent with this court's opinion.

*Judgment reversed*
*and cause remanded.*

GENE DONOFRIO and WAITE, JJ., concur.