JOURNAL ENTRY AND OPINION
Defendant-appellant Louis Pohorence ("husband") appeals from the trial court's granting of a motion to set aside judgment which was filed by plaintiff-movant G.E. Capital Mortgages Services, Inc. ("G.E. Capital"). For the reasons adduced below, we affirm.
A review of the record on appeal indicates that prior to an April 1, 1998 divorce decree, Louis Pohorence had been married to defendant-appellee Pamela Pohorence, aka Pamela Akins. The marital residence was located at 9423-9425 Clifton Boulevard, Cleveland, Ohio, and was encumbered by two mortgages, each secured by promissory notes. The husband and the wife were named as co-mortgagors on both mortgages, and each endorsed the promissory notes supporting the separate mortgages. Pursuant to the terms of the separation agreement which was incorporated as part of the divorce decree, the wife received the title and interest in the marital home and assumed the first mortgage on that property.[1] In lieu of paying spousal support, the second mortgage on the marital home was assumed by the husband, Louis Pohorence.[2] Each party to the divorce was to hold the other harmless on these mortgage debts. Notably, the separation agreement made no provision for the refinancing of either of the mortgage obligations so as to remove one of the original mortgagors from the underlying financial obligations.
In April of 1999, the wife filed for Chapter Seven bankruptcy relief, naming her former husband as a co-debtor. During these bankruptcy proceedings, the wife reaffirmed her obligation on the first mortgage and the loan was reinstated.
In August of 1999, the wife stopped making payments on the first mortgage. The husband has made no further payments on the first mortgage since the time of the divorce decree.
On January 10, 2000, G.E. Capital filed a complaint in foreclosure naming husband and wife, The Money Store, and the unknown spouse of Pamela Pohorence, and seeking judgment against husband based on the delinquent first mortgage loan and note. Husband (Louis Pohorence) filed a cross-claim (incorrectly listed as a counterclaim in his answer pleading), against his former wife seeking indemnification for the financial obligations of the first mortgage which she had assumed under the terms of the parties' divorce decree. G.E. Capital filed a motion for summary judgment in the foreclosure action on June 29, 2000, which the foreclosure magistrate granted on September 20, 2000, awarding judgment to G.E. Capital against husband in the amount of $103,812.39, which represents the accelerated indebtedness owed on the first mortgage. This decision specifically did not rule on husband's cross-claim against the wife seeking indemnification. The trial court adopted this magistrate's decision in favor of G.E. Capital, against husband, on October 31, 2000.
On November 15, 2000, husband filed a motion for summary judgment in the foreclosure action seeking judgment on his cross-claim for indemnification against his former wife. Wife filed a brief in opposition to her former husband's motion for summary judgment on January 16, 2001, arguing that her failure to cure her arrearage on the first mortgage via a sale of the property was caused by husband's failure to cooperate with wife by his assuming the second note by himself and resolving arrearage associated with the second mortgage; this situation, with both mortgages unsatisfied, created a cloud on the title to the property which any reasonable prospective buyer would find objectionable. This motion for summary judgment was granted on February 21, 2001 on the cross-claim for indemnification in an amount equal to any deficiency due G.E. Capital after the sale of the property. While this summary judgment motion practice was pending between the former husband and wife, the wife accepted an offer by G.E. Capital in January of 2001 to reinstate the mortgage loan in the foreclosure action for a sum certain by her producing a sufficient amount of funds to bring the loan current; this prevented the property from proceeding to a sheriff's sale scheduled for January 22, 2001. Thereafter, on February 7, 2001, G.E. Capital circulated a foreclosure action dismissal entry to the parties. Husband refused to execute this dismissal entry.
On March 28, 2001, after having received monies sufficient to bring the loan current and reinstate the mortgage, G.E. Capital filed a motion to set aside the judgment of foreclosure and dismiss the foreclosure action without prejudice pursuant to Civ.R. 41(A), arguably alleging Civ.R. 60(B)(4) and (5) as a basis for relief from judgment. Without benefit of an oral hearing, this motion to set aside was granted on March 29, 2001 and journalized as a final entry on April 11, 2001.[3]
On April 25, 2001, husband filed objections to the "magistrate's report" of April 11, 2001, additionally seeking reconsideration. On April 26, 2001, by status form half-sheet entry which was journalized on May 2, 2001, the trial court, noting that the party sought reconsideration of the court's 2001 granting of the set aside motion (not the magistrate's decision which was entered in 2000), treated the April 25 motion by husband as a motion for reconsideration of the court's April 11, 2001 ruling, and denied reconsideration.
Husband filed his timely notice of appeal on May 10, 2001 from the order of April 11, 2001 which set aside the foreclosure judgment in favor of the movant-creditor-plaintiff.
Two assignments of error are presented for review. Because both of these assignments argue the application of relief from judgment under Civ.R. 60(B), the assignments will be discussed jointly. The two assignments provide:
 1. THE TRAIL (SIC) COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY GRANTING APPELLEE'S MOTION TO SET ASIDE JUDGMENT PURSUANT TO CIVIL RULE 60(B)(4) AND (5) WHEN APPELLEE FAILED TO DEMONSTRATE THE REQUISITE REQUIREMENTS AS SET FORTH BY THE CIVIL RULE AND GTE AUTOMATIC ELECTRIC V. ARC INDUSTRIES, INC. (1976), 47 OHIO ST.2d 146.
 2. THE TRAIL (SIC) COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO HOLD A HEARING PRIOR TO GRANTING APPELLEE'S MOTION TO SET ASIDE JUDGMENT PURSUANT TO CIVIL RULE 60(B)(4) AND (5).
This case presents an unlikely situation. Normally, the party seeking relief from judgment is the party against whom the judgment operates. In this case, the judgment for which relief is sought operates to the benefit of the party seeking relief (G.E. Capital). Recognizing that Civ.R. 60(B) permits any party to obtain relief upon the grounds enumerated in the rule, we will now address the assignments before this court.
Motions for relief from judgments are governed by Civ.R. 60(B) which states:
 (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
In ruling on a motion for relief from judgment, the following is to be observed:
 To prevail on a Civ.R. 60(B) motion, the movant must demonstrate three factors: (1) a meritorious defense if relief is granted; (2) entitlement to relief under Civ.R. 60(B)(1)-(5); and (3) that the motion was filed within a reasonable time, the maximum being one year from the date of the judgment entry if relief is sought under Civ.R. 60(B)(1)-(3). GTE Automatic Elec., Inc. v. ARC Indus. (1976), 47 Ohio St.2d 146, 150-51, 351 N.E.2d 113. These requirements are in the conjunctive. All three factors must be met to fulfill the test. Id. at 151. This court will not disturb a trial court's decision concerning motions filed under Civ.R. 60(B) absent an abuse of discretion. State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153, 684 N.E.2d 1237. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Tracy v. Merrell Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875.
* * *
 Furthermore, Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served. Kay, supra at 20, citing Colley, supra at 249.
Syphard v. Vrable (2001), 141 Ohio App.3d 460, 463; also see Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18 (where the motion and its supporting evidence contain allegations of operative facts which would warrant relief under Civ.R. 60[B], the trial court should grant an evidentiary hearing prior to ruling on the motion), and Colley v. Bazell
(1980), 64 Ohio St.2d 243 (Civ.R. 60 is a remedial rule to be construed liberally in the interests of justice).
In the case sub judice, appellant argues that (1) G.E. Capital did not satisfy the three-part GTE test, and (2) the trial court erred in not conducting an evidentiary hearing prior to granting the Civ.R. 60(B) motion.
Turning to the first argument, there is no question that G.E. Capital satisfied the first and third prongs of the GTE standard. Under the first prong, the movant-creditor alleged a meritorious claim against husband as evidenced by the judgment which the trial court had entered against husband on the mortgage obligation. Further, payment on the note is a meritorious defense to a judgment on the note. See G.W.D. Enterprises,Inc. v. Down River Specialties, Inc. (May 24, 2001), Cuyahoga App. No. 78291, unreported, 2001 Ohio App. LEXIS 2313 at 5-6. Under the second prong, the trial court granted judgment against the husband and in favor of G.E. Capital on October 31, 2000 and the motion to set aside this order was filed approximately five months later on March 28, 2001, which was also approximately seven weeks after having circulated a proposed entry of dismissal following a reinstatement of the mortgage and which dismissal entry was not endorsed by the husband. Under Civ.R. 60(B), the movant-creditor has alleged sufficient evidence of reasonableness in the time for having filed the motion to set aside.
As for the second prong of GTE, the movant-creditor alleged sufficient grounds for relief under Civ.R. 60(B)(4) [". . . that it is no longer equitable that the judgment should have prospective application;"]. G.E. Capital asserted in the motion to set aside that the loan had been brought current by the wife with the payment of funds sufficient to reinstate the first mortgage. The mortgage having been reinstated, there is no longer any reason upon which to permit the creditor's foreclosure action to remain pending as the mortgage and note were no longer in default and the relief sought, that of forcing the home to be sold at a sheriff's sale due to the condition of default with the sale proceeds used to offset the deficiency, was unavailable. Similarly, with the mortgage no longer in default and reinstated, it would be inequitable to permit G.E. Capital's monetary judgment against husband to remain viable and undisturbed (and liable for prospective execution on the judgment) for the accelerated balance due on a defaulted mortgage which no longer existed.
Accordingly, the first assignment of error is overruled as the three-part GTE test justifying relief was demonstrated to the court.
Having satisfied the three-prongs of GTE, appellant next argues that the court should have conducted an evidentiary hearing prior to ruling on the motion to set aside. The principal case relied upon by appellant isKay v. Marc Glassman, Inc., supra. In Kay, the court, citing Coulson v.Coulson (1983), 5 Ohio St.3d 12, 16, decided that if a motion for relief from judgment "contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." In the present case, appellant asks this court to follow the technical application of Kay, supra, at the expense of common sense and reasonableness. As previously stated, the purpose of holding an evidentiary hearing prior to granting a motion for relief is to verify the allegations of operative facts warranting relief. In the case before us, the facts warranting relief are obvious and known to the court and no evidentiary hearing would call these basic facts into dispute. Thus, for several reasons, holding an evidentiary hearing under the facts of this case would be a waste of resources and accomplish nothing but delay. First, if relief were granted in the form of removing from the record the monetary judgment which had been entered in favor of G.E. Capital, thereby leaving G.E. Capital's claims pending and wife liable on husband's cross-claim indemnification judgment, there is no doubt that movant-G.E. Capital would have a viable claim to present for a defaulted financial obligation and a defense to the note in the form of payment on the note; the efficacy of G.E. Capital's claim was thoroughly examined by the trial court during its consideration of G.E. Capital's motion for summary judgment. See G.W.D. Enterprises, Inc. v. Down RiverSpecialties, Inc. (May 24, 2001), Cuyahoga App. No. 78291, unreported, 2001 Ohio App. LEXIS 2313 at 7, citing Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9, 14 (trial court does not abuse its discretion in not conducting an evidentiary hearing when the court has sufficient evidence before it to decide whether movant presented a meritorious defense)[4]. Second, the motion for relief was filed within a reasonable time from the time G.E. Capital discovered that it would be inequitable to maintain the judgment against the co-debtor husband due to the deficiency being brought current and the mortgage being reinstated by the wife; certainly, G.E. Capital would not offer evidence which contradicts its allegations of operative facts, which themselves operate against G.E. Capital's self-interest, thereby harming its ability to obtain relief. Third, Civ.R. 60(B)(4) provides a basis for relief in light of the mortgage being reinstated and the loan brought current because it would be inequitable to leave G.E. Capital's judgment against husband in place, thereby placing husband under two co-existing negative scenarios, namely, leaving him (1) prone to execution on the G.E. Capital judgment debt for a defaulted mortgage which is no longer in arrears, while at the same time (2) exposing him to potential liability as a co-debtor on the reinstated mortgage.
Assignments overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
PATRICIA A. BLACKMON, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] According to the preliminary judicial report filed on January 10, 2000, the first mortgage, an open-end mortgage, was issued, and recorded, by G.E. Capital in August of 1997, in the amount of $108,000.
[2] According to the preliminary judicial report filed on January 10, 2000, the second mortgage was issued on September 11, 1997, by First Union Home Equity Bank, N.A. and recorded on September 15, 1997, in the amount of $30,500. This home equity obligation was then assigned by separate instrument to TMS Mortgage Inc., dba The Money Store, on September 18, 1997, and recorded in May of 1998.
[3] Husband, arguing generalized non-compliance with Civ.R. 60(B), filed a brief in opposition on April 13, 2001 to the set aside motion.
[4] The reasoning in GWD would equally apply to motions for relief where the movant presented operative facts constituting a meritorious claim.