OPINION
{¶ 1} Ralph Oberkonz, plaintiff-appellant, appeals the judgment of the Franklin County Court of Common Pleas. The trial court granted a motion for relief from judgment pursuant to Civ.R. 60(B), vacating a default judgment entered against Doreen A. Gosha, defendant-appellee.
{¶ 2} On June 18, 1999, the parties were involved in a traffic accident. Appellant was riding a motorcycle and appellee was driving an automobile. Appellee was insured by Metropolitan General Insurance Company ("Metropolitan") at the time of the accident and was represented by Metropolitan's claim representative Wendy Dellinger. Attorneys, Michael P. Jackson and K. Clarke Fahnenbruck, represented appellant.
{¶ 3} On June 15, 2001, Jackson filed a complaint against appellee on behalf of appellant with the trial court. The complaint stated that appellee negligently drove an automobile and caused a collision with appellant's motorcycle. The complaint further stated that appellee caused appellant to suffer injury, pain, and the loss of 170 days of work. The complaint requested a judgment in excess of $25,000 based upon $18,876.80 for injury, pain and suffering, lost wages, and uncovered medical bills exceeding $300.
{¶ 4} On September 20, 2001, Jackson filed a motion for default judgment stating that in the ten weeks since appellant's complaint was filed, appellee "has failed to plead or otherwise defend, or make any appearance at all." Appellant requested "compensatory damages of $18,876.80 for injury, pain, suffering and 170 lost days of work, and $300 of uncovered medical bills, for a total of $19,176.80[.]" The trial court sustained appellant's motion for default judgment in an order dated November 9, 2001, and granted judgment in favor of appellant for $19,176.80 on November 15, 2001.
{¶ 5} On December 5, 2001, appellee, represented by legal counsel, filed a motion for relief from judgment. Appellee argued that she failed to file an answer with the trial court based upon statements made by Fahnenbruck. Appellee claimed that "Metropolitan, in good faith, proceeded under the belief that the parties were going to attempt settlement of the claim and that no Answer would be required." Appellee further claimed that in a telephone conversation on October 19, 2001, Fahnenbruck failed to advise Dellinger that a motion for default judgment had been filed.
{¶ 6} On January 16, 2002, the trial court granted appellee's motion for relief from judgment. The trial court found that appellee presented a meritorious defense, the inadvertent failure to file an answer was based upon excusable neglect on the part of appellee and the misrepresentation by Fahnenbruck, and appellee's motion was filed in a reasonable time. The trial court filed the final judgment entry vacating the default judgment entry on February 6, 2002. Appellant appeals this decision, and presents the following three assignments of error:
{¶ 7} "I. The trial court abused its discretion in finding that the appellee was entitled to seek Civ.R. 60(B) relief.
{¶ 8} "II. The trial court abused its discretion in granting Civ.R. 60(B) relief absent a meritorious defense.
{¶ 9} "III. The trial court abused its discretion in granting Civ.R. 60(B) relief broader than the relief sought."
{¶ 10} Appellant argues in his first assignment of error the trial court abused its discretion when it found appellee was entitled to Civ.R. 60(B) relief. Appellant argues in his second assignment of error the trial court abused its discretion when it granted Civ.R. 60(B) relief because appellee did not present a meritorious defense. Because of the similarity of issues involved in appellant's first two assignments of error, we will discuss them together.
{¶ 11} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. Cannell v. Robert L. Bates Co. (Mar. 8, 2001), Franklin App. No. 00AP-915, discretionary appeal not allowed, 92 Ohio St.3d 1441, following GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
{¶ 12} The decision to grant a Civ.R. 60(B) motion for relief from judgment rests in the sound discretion of the trial court and may be upset on appeal only upon a showing of an abuse of discretion. Kaufman Cumberland v. Jalisi, Cuyahoga App. No. 80389, 2002-Ohio-4087, at ¶ 20, following Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
{¶ 13} Appellee argued in her motion for relief from judgment that she had a meritorious defense concerning the amount of damages, stating:
{¶ 14} "Since the inception of the claim following the accident, Metropolitan has attempted to ascertain the amount of medical treatment incurred by [appellant] and receive documentation from [appellant] regarding his alleged lost wages. As of this date, [appellee], her counsel, and Metropolitan have still not received documentation from [appellant] regarding his injuries, treatment, or lost wages. However, given [appellant's] allegation of $300.00 in medical bills, 170 days off work seems excessive and quite possibly unrelated to the accident."
{¶ 15} Appellee also submitted an affidavit in which she stated that shortly after the accident, "I did not observe [appellant] to be in any distress and I also observed that he refused treatment and transportation to the Emergency Room by the ambulance." Appellee claimed that discovery was necessary in order to determine the extent of appellant's damages. In a memorandum contra appellee's motion, appellant argued that appellee failed to show an issue existed concerning the amount of his damages.
{¶ 16} In order to fulfill the requirement of presenting a meritorious defense, "a movant need only allege a meritorious defense, not prove that he will prevail on that defense." Masters Tuxedo Charleston, Inc. v. Krainock, Mahoning App. No. 02 CA 80, 2002-Ohio-5235, at ¶ 8. The movant must allege operative facts with enough specificity to allow the trial court to decide whether he or she has met that test. Syphard v. Vrable (2001), 141 Ohio App.3d 460, 463. A proffered defense is a meritorious defense against a default judgment in a Civ.R. 60(B) motion when it states a defense to the claims for relief set forth in the complaint and the defense is not a sham. Amzee Corp. v. Comerica Bank-Midwest, Franklin App. No. 01AP-465, 2002-Ohio-3084, at ¶ 20.
{¶ 17} We find in the present case the trial court did not abuse its discretion when it found that appellee's defense against appellant's request for damages was a meritorious defense for purposes of a motion for relief from judgment. Appellee presented sufficient facts to show that a meritorious defense could be asserted. While it is true that appellant could prove he is entitled to the requested amount of damages, appellee was not required to disprove the amount in order to be successful in her motion for relief from judgment.
{¶ 18} The second step in the GTE test is the requirement that appellee show she was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Civ.R. 60(B) states in part, "the court may relieve a party or his legal representative from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect." Appellee argued in her motion that excusable neglect was shown based upon Dellinger's affidavit. In the affidavit, Dellinger stated that she contacted one of appellant's attorneys, Fahnenbruck, fourteen times from July 24, 2000 until October 19, 2001. Dellinger stated the following correspondence occurred between the two:
{¶ 19} "On July 26, 2001, I received a voicemail message from attorney Fahnenbruck wherein she advised that she was working on the demand package but that an indefinite extension was okay.
{¶ 20} "On August 20, 2001, I called and left another extensive message for attorney Fahnenbruck requesting the status of the settlement demand package and also requested whether I should proceed to hire defense counsel to file an Answer on behalf of [appellee].
{¶ 21} "On September 7, 2001, I returned a call to attorney Fahnenbruck and again requested medical records and bills for [appellant's] treatment. I received a call from attorney Fahnenbruck later in the day and she assured me that the demand package was forthcoming.
{¶ 22} "On October 17, 2001, I called and left a voicemail message for attorney Fahnenbruck requesting that she contact me and provide the status of the settlement package as I still had not received any medical records or bills and asked that she please expedite the handling of this matter.
{¶ 23} "On October 19, 2001, I received a call from attorney Fahnenbruck wherein she advised that she was actively compiling the medical bills and lost wages but that one of the treating hospitals had closed and she was having a difficult time in gathering the medical records and bills. Attorney Fahnenbruck also advised that she anticipated forwarding the settlement package in the next two weeks. There was no mention during this telephone conversation that a Motion for Default Judgment had been filed on behalf of her client, [appellant]."
{¶ 24} "[A] default judgment is generally vacated where the defaulting party has notified its insurer or other representative of the commencement of a lawsuit and has relied to its detriment upon the representative's undertaking of the defense." Id. at ¶ 24. Appellee stated in her affidavit that based upon a letter from Dellinger dated July 3, 2001, "I presumed that either this matter settled or the extension which was agreed upon at the time the lawsuit was filed was still applicable[.]" Jackson filed a motion for default judgment on September 20, 2001, which the trial court granted on November 9, 2001. Therefore, it would have been proper for the court to find excusable neglect because appellee relied upon Metropolitan undertaking her defense and was unaware of the motion for default judgment.
{¶ 25} Additionally, inaction of a party is not excusable neglect if it can be labeled as a complete disregard for the judicial system. Orth v. Inman, Franklin App. No. 99AP-504, 2002-Ohio-3728, at ¶ 27. A review of the record does not establish that appellee showed complete disregard for the judicial system. Instead, the record shows that appellee relied upon statements from Dellinger who believed that a settlement package would be received from appellant's counsel based upon apparent misrepresentations made by Fahnenbruck. A review of appellant's response to appellee's motion for relief from judgment shows that appellant did not challenge the facts presented in appellee's motion. Accordingly, we find the trial court did not abuse its discretion when it found that appellee met her burden proving excusable neglect.
{¶ 26} Appellee was also required to show that her motion for relief from judgment was filed within a reasonable time and was not filed more than one year after the default judgment. What constitutes reasonable time for filing a motion pursuant to Civ.R. 60(B) depends upon the facts of the case. Id. at ¶ 24. In the present case, the default judgment was filed on November 15, 2001. Appellant did not make service of the default judgment upon appellee. Appellee became aware of the default judgment only after she retained her own counsel on or about November 19, 2001. Appellee's motion for relief from judgment was filed twenty days after the default judgment. Based upon these facts, we find that it was not an abuse of discretion for the trial court to find that appellee complied with the time requirement of GTE.
{¶ 27} Accordingly, we find the trial court did not abuse its discretion when it granted appellee's motion for relief from judgment pursuant to Civ.R. 60(B). Appellant's first and second assignments of error are overruled.
{¶ 28} Appellant argues in his third assignment of error the trial court granted relief that was broader than the relief sought by appellee. However, a review of appellee's motion for relief from judgment shows that appellee requested an "ORDER vacating the default judgment rendered against [appellee] and entered on November 15, 2001." A review of the trial court's judgment entry shows the trial court granted appellant's "Motion for Relief from Judgment and vacates the default judgment entered herein on November 15, 2001." Therefore, we overrule appellant's third assignment of error finding the trial court did not grant relief broader than the relief sought.
{¶ 29} Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and PETREE, JJ., concur.