OPINION
¶ 1 Defendant-appellant BestTransport.com, Inc. appeals from the Jefferson County Common Pleas Court's denial of their motion to vacate the default judgment entered in favor of plaintiff-appellee E. Grace Communications, Inc. The issue before us is whether the trial court abused its discretion by denying BestTransport's request for relief pursuant to Civ.R. 60(B). For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} In January 2000, BestTransport contracted with E. Grace to provide a marketing campaign including advertising, mail, e-mail, and trade displays. E. Grace began performance thereafter.
 {¶ 3} In June 2000, E. Grace sent BestTransport an invoice for services thus far rendered. The next communication noted in the record is a letter from BestTransport dated February 2, 2001, wherein they dispute several aspects of the invoice. Consequently, payment was not rendered.
 {¶ 4} On September 5, 2001, E. Grace filed a complaint regarding the past due bill. Proper service of process was afforded. On September 7, James K. Ciroli, Chief Financial Officer of BestTransport, signed the return card accompanying the complaint.
 {¶ 5} Although Ciroli verified his signature in his affidavit, he also states that he does not remember receiving the complaint, signing for it or handling it thereafter. (Tr. 1). In his affidavit, Ciroli surmises that he most likely never opened the envelope prior to misplacing it. (Tr. 5-6). The complaint was never answered.
 {¶ 6} A motion for default judgment was filed by E. Grace on November 9. E. Grace maintains they mailed a copy of the motion to BestTransport. BestTransport denies receiving it and thus did not attend the hearing on the motion. (Tr. 4). Default judgment was granted in favor of E. Grace in the amount of $14,275, the alleged sum total of the unpaid invoices.
 {¶ 7} When BestTransport failed to comply with the terms of the ruling, an order of judgment debtor examination was made on January 24, 2002. Upon receiving this order, BestTransport made a motion for relief from default judgment and protective order. They assert that this latest motion was their first indication of the lawsuit.
 {¶ 8} A hearing was conducted, wherein the foregoing facts were presented. The court did not find excusable neglect on the part of BestTransport and denied the motion for relief from judgment. BestTransport timely appealed from that decision.
 ASSIGNMENT OF ERROR {¶ 9} "THE APPELLANT ASSIGNS AS ERROR THE TRIAL COURT'S DENIAL OF THE REQUEST OF THE APPELLANT FOR RELIEF FROM A DEFAULT JUDGMENT, PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE."
 {¶ 10} Civ.R. 55(B) empowers the court to set aside a default judgment in accord with the provisions of Civ.R. 60(B). "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 11} The Supreme Court acknowledges the fine line this rule forces courts to tread, as the preference to hear a case on its merits must be balanced with the necessity of enforcing pleading rules and deadlines. WFMJ Television, Inc. v. ATT Federal Systems, 7th Dist. No. 01CA69, 2002-Ohio-3013 at ¶ 10 citing Griffey v. Rajan (1987),33 Ohio St.3d 75, 79. It has been left in the court's discretion to decide the proper balance of policies regarding the grant of Civ.R. 60(B) motions. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. Thus, unless an abuse of discretion is found, the ruling of the trial court will stand. WFMJ, 2002-Ohio-3013 at ¶ 10. An abuse of discretion cannot be found merely because one reviewing the case would have decided it differently. Rather, abuse of discretion connotes that the decision was unreasonable, arbitrary or unconscionable. Syphard v.Vrable (2001), 141 Ohio App.3d 460, 463.
 {¶ 12} In the motion to vacate default judgment, BestTransport asserted that the motion was timely, that it had a meritorious defense, and that its failure to respond to the complaint constituted excusable neglect or inadvertence under Civ.R. 60(B)(1). The trial court held that BestTransport's failure to file an answer or respond to the suit did not amount to excusable neglect. BestTransport claims this finding was an error that both excusable neglect and inadvertence support their motion to vacate default judgment. We disagree.
 {¶ 13} Civ.R. 60(B)(1) states that a default judgment may be vacated if "mistake, inadvertence, surprise or excusable neglect are present." Excusable neglect has only been defined in the negative. The Ohio Supreme Court has articulated that neglect is not excusable if it is an act of complete disregard for the judicial system. Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 20.
 {¶ 14} Recently, this court upheld the trial court's finding of excusable neglect in WFMJ Television, Inc. v. ATT Federal Systems, 7th Dist. No. 01CA69, 2002-Ohio-3013. However, WFMJ is distinguished from the case at hand. In WFMJ, the person who lost the complaint was a lower to mid level employee. But in the immediate case, it was a chief financial officer who purportedly lost the summons. Furthermore, the chief financial officer had a procedure to follow when he received a complaint and did not follow the procedure in the case at hand.
 {¶ 15} Moreover, no action was taken by BestTransport after receiving the complaint. No answer was prepared and misplaced as in some cases which constituted excusable neglect. Kay, 76 Ohio St.3d at 20. Here, there is no indication that the complaint was ever opened and read. As such, this case does not fall into line with the Kay type of cases.
 {¶ 16} BestTransport admits to carelessness and lack of proper attention to the complaint. The careless actions which BestTransport seeks to be exonerated from are those of a seasoned, high-ranking businessman. Additionally, BestTransport is claiming that it did not receive E. Grace's motion for default judgment. A certificate of service was also attached to this motion. This makes two vital documents BestTransport cannot account for. Given the facts in this case and our limited standard of review, we must defer to the trial court's decision. As such, the trial court did not abuse its discretion in determining that excusable neglect was not present in this situation.
 {¶ 17} BestTransport also argues that excusable neglect and inadvertence have two different meanings. It is their contention that simply because the court failed to find excusable neglect does not mean that inadvertence was not present in the situation.
 {¶ 18} Civ.R. 60(B) provides relief in instances of "mistake, inadvertence, surprise or excusable neglect." The use of the four different terms indicates that each term has a different meaning. McGearyv. Brocker, 7th Dist. No. 00-CA-257, 2002-Ohio-6432 at ¶ 18. While the Supreme Court has defined excusable neglect in the negative, no courts have conclusively defined "inadvertence." Without a definition provided by case law or the Ohio Rules of Civil Procedure, we refer to the common everyday definition. Inadvertence is defined as "a result of inattention." Webster's Collegiate Dictionary (10 Ed. 1998) 586.
 {¶ 19} Given the facts of this case, we do not believe that BestTransport's omission to file an answer or respond to the motion for default judgment amounted to inadvertence. As explained under excusable neglect, the chief financial officer received the complaint and signed the return card for the complaint. There was a procedure that the chief financial officer would follow when he received a complaint; he did not follow this procedure. His action of acknowledging that he received the complaint, and then misplacing it, does not constitute inadvertence. Given our limited standard of review, we cannot hold that the trial court abused its discretion by denying the motion to vacate default judgment.
 {¶ 20} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J. and Waite, J., concurs.