DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Skaggs Masonry, Inc., appeals the decision of the Hocking County Court of Common Pleas granting Third-Party Defendant-Appellee, David Sheets', motion for relief from judgment. *Page 2 
Appellant contends that the trial court erred (1) in granting Sheets' motion to set aside default judgment because the requirements of Civ. R. 60(B) were not met; (2) in granting Sheets' motion to set aside the default judgment because counsel for Sheets' failed to set forth operative facts upon which the trial court could justify relief under Civ. R. 60(B)(1)-(5); and (3) in granting Sheets' motion to set aside default judgment by using Civ. R. 60(B)(5) when substantial grounds did not exist and were not submitted to the trial court pursuant to proper method or procedure. Because we find that Sheets' motion for relief from judgment demonstrated operative facts warranting relief under Civ. R. 60(B)(5), and in light of the unique facts of this case, we cannot conclude that the decision of the trial court constituted an abuse of discretion. Accordingly, we affirm the trial court's decision setting aside the default judgment granted in favor of Appellant, as to Third-Party Defendant, David Sheets.
 FACTS {¶ 2} On May 9, 2007, Plaintiffs, Kim Spaulding-Buescher and Brian Buescher, filed a complaint naming Defendant-Appellant, Skaggs Masonry, Inc., as the sole defendant. The complaint essentially alleged that Plaintiffs and Appellant had entered into a written agreement whereby Appellant agreed to construct a basement, septic system, driveway and pole barn on *Page 3 
Plaintiffs real property in exchange for the payment of $26,000.00. The complaint further alleged that Appellant had not performed the work as promised, that the construction and clearing that had been performed had been negligently performed and that Plaintiffs had suffered damages in excess of $25,000.00 as a result.
 {¶ 3} Appellant, Skaggs Masonry, Inc., filed an answer to the complaint on June 14, 2007, generally denying the allegations and setting forth a number of defenses, including an allegation that Plaintiffs complaint failed to state a claim upon which relief could be granted. That same day, Appellant filed a third-party complaint, naming Appellee, David Sheets, as a defendant. The third-party complaint incorporated Plaintiffs complaint and Appellant's answer as if fully rewritten therein, and alleged that David Sheets was hired by Appellant as sub-contractor to perform certain work, now complained of by Plaintiffs.[2] Appellant alleged that "[t]o the extent Skaggs Masonry, Inc. was negligent or performed work in a non-workmanlike manner, then David Sheets acted negligently and performed services or provided goods in an un-workmanlike manner, thereby proximately causing injuries and damages complained of by the Plaintiffs in the complaint * * *." The third-party complaint further alleged that "* * * in the event that a judgment is rendered against third-party plaintiff in favor of *Page 4 
plaintiffs for damages suffered by the plaintiff as a direct and proximate cause of the negligence of David Sheets, then third-party defendant is liable to Skaggs Masonry, Inc. for indemnification and/or contribution as David Sheets conduct was primary and/or contributory proximate causes of the damages alleged by the plaintiffs." Finally, Appellant demanded "judgment against third-party defendant David Sheets in an amount sufficient to compensate it for all sums that it be required to pay, as a direct and proportionate result of David Sheets' negligence, to the plaintiffs, or to others, * * *."
 {¶ 4} When Sheets failed to file an answer or otherwise plead, Appellant filed a motion for default judgment, which was granted on November 19, 2007. The judgment entry provided that "Skaggs Masonry, Inc. is entitled to judgment against the defendant David Sheets in the amount of any judgment against Skaggs Masonry, Inc. or any amount paid to plaintiffs in settlement of plaintiff s claims * * *." The next day, on November 20, 2007, Appellee, David Sheets, by and through counsel, filed a motion for relief from judgment and for authority to file an answer to the third-party complaint. Sheets' memorandum and supplemental memorandum filed in support of his motion for relief from judgment asserted that the default judgment entry granted relief which exceeded the *Page 5 
relief requested in the third-party complaint. Specifically, Sheets asserted that he did not file an answer because he was of the understanding that the third-party complaint simply sought indemnification for negligent acts committed by Sheets. However, Sheets further asserted that the default judgment entry purported to require that he indemnify Appellant, not only for Sheets negligent acts, but for any judgment rendered against Appellant, not just the portion of the judgment attributable to Sheets. Sheets' motion further set forth the defenses he would raise if permitted to file an answer, including that Appellant's third-party complaint, just as Plaintiffs' complaint, failed to state a claim upon which relief could be granted, and also that the work he performed was completed in a workmanlike manner. Sheets further asserted that he was entitled to relief under Civ. R. 60(B)(5). In support of his motion, Sheets attached a copy of the third-party complaint, as well as a copy of the judgment entry.
 {¶ 5} Over the objection of Appellant, Skaggs Masonry, Inc., the trial court granted Sheets' motion for relief from judgment on December 10, 2007, ordering that Sheets be permitted to file an answer within seven days. Sheets filed an answer on December 14, 2007, and the matter apparently proceeded to discovery. However, Appellant has appealed from the trial *Page 6 
court's December 10, 2007, judgment entry setting aside the grant of default judgment, assigning the following errors for our review.
 ASSIGNMENTS OF ERROR "I. THE TRIAL COURT ERRED IN GRANTING DAVID SHEETS MOTION TO SET ASIDE DEFAULT JUDGMENT BECAUSE THE REQUIREMENTS OF CIV.R. 60(B) WERE NOT MET BY MOVANT.
 II. THE TRIAL COURT ERRED IN GRANTING DAVID SHEETS MOTION TO SET ASIDE DEFAULT JUDGMENT BECAUSE COUNSEL FOR DAVID SHEETS FAILED TO SET FORTH OPERATIVE FACTS UPON WHICH THE TRIAL COURT COULD JUSTIFY RELIEF UNDER CIVIL RULE 60(B)(1)-(5).
 III. THE TRIAL COURT ERRED IN GRANTING DAVID SHEETS MOTION TO SET ASIDE DEFAULT JUDGMENT BY USING CIV.R. (B)(5) [SIC] WHEN SUBSTANTIAL GROUNDS DID NOT EXIST AND WERE NOT SUBMITTED TO THE COURT PURSUANT TO PROPER METHOD OR PROCEDURE."
 LEGAL ANALYSIS {¶ 6} Before we address the merits of the assignments of error, we pause to address the appropriate standard of review. Civ. R. 60(B) provides as follows:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud *Page 7 
(whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 7} In order to prevail on a Civ. R. 60(B) motion, the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE AutomaticElectric v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus. Each requirement is independent of the others, and, therefore, the moving party must separately establish all three requirements of the "GTE test," or the Civ. R. 60(B) motion will be denied. *Page 8 
 {¶ 8} "The decision to grant or deny a Civ. R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion." Sain v. Roo, Franklin App. No. 02AP-448, 2003-Ohio-626, at ¶ 11, citing Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 9} There is no question regarding the timeliness of Sheets' motion for relief from judgment and Appellant does not contend that the motion was untimely filed. Therefore, Sheets met the third prong of theGTE test. However, Appellant argues that Sheets failed to establish the first and second prongs of the GTE test. Specifically, Appellant argues that Sheets failed to present evidence of a meritorious claim or defense or an entitlement to relief under Civ. R. 60(B)(1)-(5). Upon our review of the record, we disagree with Appellant's argument.
 {¶ 10} As provided under the first prong of the GTE test, to prevail on a motion for relief from judgment, the moving party must establish that it has a meritorious defense or claim to present if relief is granted. "The movant's burden is to allege a meritorious defense, not to prevail with *Page 9 
respect to the truth of the meritorious defense." Colley v. Bazell
(1980), 64 Ohio St.2d 243, 247, fn. 3, 416 N.E.2d 605. This requires the moving party to allege operative facts "with enough specificity to allow the trial court to decide whether he or she has met that test."Syphard v. Vrable (2001), 141 Ohio App.3d 460, 463, 751 N.E.2d 564. Ultimately, "a proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint." Amzee Corp. v. ComericaBank-Midwest, Franklin App. No. 01AP-465, 2002-Ohio-3084, at ¶ 20.
 {¶ 11} In this case, Plaintiffs' claims against Appellant, and Appellant's claims against Sheets, were based on a theory of negligent construction. In his motion for relief from judgment, Sheets proffered two defenses. The first defense was that Plaintiffs complaint, and therefore Appellant's third-party complaint, failed to state claims upon which relief could be granted. The second defense proffered was that the work Sheets performed was completed in a workmanlike manner. Both allegations, if true, would serve as meritorious defenses to Appellant's claims. Thus, we conclude that the trial court did not abuse its discretion in finding that Sheets had a meritorious defense to present if relief was granted, and, as a result, *Page 10 
granting his motion for relief from judgment and permitting him to file an answer to the third-party complaint.
 {¶ 12} Regarding the second prong of the GTE test, the trial court determined that Sheets had established he was entitled to relief under Civ. R. 60(B)(5), commonly referred to as the "catch all" provision. Public policy favors finality of judgments. Thus, grounds to invoke this rule should be substantial and relief should be afforded only under exceptional circumstances. See Natl. City Home Loan Services, Inc. v.Gillette, Scioto App. No. 05CA3027, 2006-Ohio-2881, at ¶ 23; In reYates, Hocking App. Nos. 05CA19 05CA20, 2006-Ohio-2761, at ¶ 21. However, we conclude that here, where the default judgment entry, on its face, granted Appellant more relief than sought in its third-party complaint, Sheets demonstrated entitlement to relief based upon such grounds.
 {¶ 13} Appellant contends that Sheets did not set forth operative facts demonstrating he was entitled to relief under Civ. R. 60(B)(5). Appellant further contends that the record is devoid of the type of supporting evidence required to support the necessary operative facts. In support of this argument, Appellant relies on the prior reasoning of this Court, as contained in Angel v. Angel (Feb. 18, 1993), Scioto App. No. 92CA2071, 1993 WL 49456, which stated that operative facts must be supported by evidence *Page 11 
similar in quality to "affidavits, depositions, answers to interrogatories, written admissions or written stipulations." Citing Society National Bank v. Robb (Sept. 20, 1989), Summit App. No. CA 14005, 1989 WL 109124; citing East Ohio Gas Co. v. Walker (1978), 59 Ohio App.2d 216, 394 N.E.2d 348 (holding that unsworn allegations of operative facts contained in a brief or motion, but not presented by affidavit or other evidentiary materials are not sufficient).
 {¶ 14} However, our research reveals that the Eighth District Court of Appeals has also relied on the reasoning set forth in East Ohio GasCo, even taking it a step further, explaining that "[a] movant must demonstrate the satisfaction of these requirements by asserting operative facts in evidentiary materials of the nature contemplated by Civ. R. 56(C)." Powells v. S.C.I.T., et al. (June 15, 1989), Cuyahoga App. No. 55516, 1989 WL 65668. Civ. R. 56(C) contemplates reliance on"pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." (Emphasis added). Here, Sheets supported his motion to set aside default judgment with pleadings. Specifically, Sheets advanced arguments in his motion related to the fact that the relief granted in the judgment entry exceeded and/or differed from the relief requested in the third-party complaint. In order to demonstrate his argument, Sheets attached *Page 12 
copies of the third-party complaint and the judgment entry, in order that the language of the two could be compared. When compared, it is clear that the relief granted in the default judgment entry exceeds, or is much broader than, the language contained in the third-party complaint.
 {¶ 15} Though the evidentiary materials filed in support of Sheets' Civ. R. 60(B) motion were unsworn, in our view, the materials sufficiently demonstrated an entitlement to relief under Civ. R. 60(B)(5). At such an early stage in the litigation, when discovery had not yet commenced, evidence such as depositions, hearing transcripts, answers to interrogatories and admissions were not in existence. Further, an affidavit by Sheets or his counsel would have been subject to being considered self-serving, and of little value. Thus, in our view, Sheets attached evidentiary materials in the form of the third-party complaint and corresponding judgment entry by the court sufficiently demonstrated the discrepancies in the two and established an entitlement to relief under the catch all provision.
 {¶ 16} Therefore, we conclude that the trial court did not abuse its discretion in finding Sheets was entitled to relief from judgment pursuant to Civ. R. 60(B)(5). Thus, we find no merit to any of Appellant's assigned errors. Accordingly, we affirm the decision of the trial court.
 JUDGMENT AFFIRMED. *Page 13 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J., Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.
[2] Skaggs Masonry, Inc. subcontracted the septic work called for under the written agreement to Sheets. *Page 1