[The State ex rel.] Russo, Appellant, *v.* Deters, Pros. Atty., Appellee.

[Cite as *State ex rel. Russo v. Deters* (1997), 80 Ohio St.3d 152.]

(No. 97–763—Submitted August 26, 1997—Decided October 22, 1997.)

Robert Russo, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Ronald W. Springman, Jr., Assistant Prosecuting Attorney, for appellee.

Per Curiam. Russo asserts in his sole proposition of law that the court of appeals erred when it overruled his Civ.R. 60(B) motion for relief from judgment.

In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107, 647 N.E.2d 799, 801. In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief

under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

For the reasons that follow, Russo failed to establish that he had a meritorious claim to present. First, records which are discoverable under Crim.R. 16 are not thereby subject to release as "public records" under R.C. 149.43. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 208, 680 N.E.2d 985, 987, citing *State ex rel. WHIO–TV–7 v. Lowe* (1997), 77 Ohio St.3d 350, 673 N.E.2d 1360, syllabus. Second, to the extent Russo claims entitlement to the videotape under Crim.R. 16 or some provision other than R.C. 149.43, he had adequate remedies in the ordinary course of law at trial and on appeal. Finally, *res judicata* precluded Russo from again raising this issue because he had previously raised the issue in common pleas court. See, generally, *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus ("A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.").

Based on the foregoing, the court of appeals did not abuse its discretion by overruling Russo's Civ.R. 60(B) motion for relief from judgment. Although Russo filed his motion in a timely manner and might have established inadvertence or mistake by the clerk in filing his mandamus complaint, he did not establish that he had a meritorious claim. *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134, 1136 (Civ.R. 60[B] relief is inappropriate if any one of the three requirements is not satisfied.). Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.