DECISION AND JUDGMENT ENTRY
{¶ 1} Lawrence Erb ("Appellant") appeals the decision of the Marietta Municipal Court denying his motion for relief from judgment. He contends the trial court abused its discretion when it failed to find mistake, fraud, misrepresentation by an adverse party, or other applicable grounds for relief from default judgment under Civ.R. 60(B) necessary to grant his motion. Because the trial court's judgment was not unreasonable, arbitrary, or unconscionable, and therefore, not an abuse of its discretion, we affirm its decision.
 {¶ 2} The genesis of the appeal sub judice was the commencement of an action on an account filed by River City Tire Service Center ("Appellee") against the Appellant. The Appellee filed a form summons and small claims complaint and the Appellant was served with the documents. A statement of account dated September 30, 2004 in the amount of $707.35 was attached to the complaint. The statement was addressed to the following party:
 "CISCOMP, INC. 114 INDUSTRY RD. MARIETTA, OH 45750"
The aforementioned statement did not contain the name and address of the Appellant. The only notation on the statement referring to the Appellant was the name "Lawrence" listed as the evening phone contact. A court date on the matter was set for May 16, 2005.
 {¶ 3} The Appellant did not appear at court on the scheduled date, and on May 19, 2005, the court entered a default judgment against him. Following the issuance of the default judgment, the Appellee scheduled a debtor's examination for the Appellant. On October 12, 2005, the Appellant filed a notice of appearance, a motion to stay the debtor's examination, and a motion for relief from default judgment. The trial court held a hearing on the Appellant's motion for relief from default judgment on December 9, 2005, and denied the motion by entry dated December 30, 2005. The Appellant now appeals this decision, asserting the following assignment of error:
 {¶ 4} 1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO FIND AS A MATTER OF LAW MISTAKE, FRAUD, MISREPRESENTATION BY AN ADVERSE PARTY OR OTHER APPLICABLE GROUNDS FOR RELIEF FROM DEFAULT JUDGMENT UNDER RULE 60B OF THE OHIO RULES OF CIVIL PROCEDURE WHERE DEFAULT JUDGMENT IN AN ACTION ON AN ACCOUNT WAS RENDERED AGAINST DEFENDANT-APPELLANT BASED ON THE ACCOUNT OF DEFENDANT-APPELLANT'S EMPLOYER, WHICH ACCOUNT WAS ANNEXED TO THE COMPLAINT AND WHICH COMPLAINT DID NOT CONSTITUTE AN ACCOUNT OR AN ACTION ON AN ACCOUNT UNDER OHIO LAW.
 {¶ 5} In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion.Harris v. Anderson (2006), 109 Ohio St.3d 101, 102, 846 N.E.2d 43, citing State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153,684 N.E.2d 1237. An abuse of discretion implies that a court's ruling is unreasonable, arbitrary, or unconscionable; it is more than an error in judgment. State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149,151, 666 N.E.2d 1134.
 {¶ 6} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied. Strack v. Pelton (1994),70 Ohio St.3d 172, 174, 637 N.E.2d 914. In addition, if the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. Kay v. Marc Glassman,Inc. (1996), 76 Ohio St.3d 18, 19, 665 N.E.2d 1102; Coulson v.Coulson (1983), 5 Ohio St.3d 12, 16, 448 N.E.2d 809.
 {¶ 7} Civ.R. 60(B) provides, in pertinent part, that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 (1) mistake, inadvertence, surprise or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
 (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise discharged, or a prior judgment upon which it is based has been reversed, or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 (5) any other reason justifying relief from the judgment."
 {¶ 8} The Appellant contends that the trial court erred when it failed to find proper grounds under Civ.R. 60(B) to relieve him from the Civ.R. 55 default judgment entered against him. The Appellant asserts that the insufficiency of the Appellee's complaint demonstrates the requisite mistake under Civ.R. 60(B)(1), misrepresentation by an adverse party under Civ.R. 60(B)(3), or other reason justifying relief from judgment under Civ.R. 60(B)(5) necessary to grant his motion for relief from judgment.
 {¶ 9} The trial court denied the Appellant's motion for relief from judgment on the basis that it did not find the Appellee had committed fraud or misrepresented facts as required by Civ.R. 60(B), and because "the account was attached to the complaint and [the Appellant] had ample opportunity to review it and assert a defense * * * [but] chose not to do so." We agree with the trial court's resolution of the case. The Appellant has not established, under either Civ.R. 60(B)(1), (3), or (5), the requisite mistake, misrepresentation, or other reason, respectively, that would justify relief from judgment. He had the opportunity in the lower court to make an appearance on May 16, 2005, assert a defense and to explain his role in the transaction with the Appellee. However, he voluntarily elected not to appear. In light of these factors, it was not unreasonable for the trial court to deny the Appellant's motion for relief from judgment.
 {¶ 10} In balancing the equities involved in this case, we find that it is of paramount importance for litigants to appear at court when summons to do so. Thus, the fatal mistake below was Appellant's unilateral decision not to appear for his court date. Had he appeared, asserted his defense and was unsuccessful our decision might be otherwise.
 {¶ 11} The trial court's denial of the Appellant's motion for relief from judgment was not, in our view, an abuse of discretion, as the Appellant has not established any mistake, fraud, misrepresentation, or other reason justifying relief as demanded by Civ.R. 60(B). Accordingly, we affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., and Kline, J.: Concur in Judgment and Opinion.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.