OPINION *Page 2 
{¶ 1} Appellants are appealing the decision of the Mahoning County Court of Common Pleas overruling a motion for relief from judgment. This case involves a check for $22,733.00 that was returned due to insufficient funds. Appellants drafted the check to pay for wholesale goods purchased from Appellee Nader Enterprises, Inc. (hereinafter "Nader Inc."). After the check was refused for payment, Nader Inc. filed a complaint for breach of contract and theft. Appellants failed to respond to the complaint, and the court granted default judgment. The case was referred to a magistrate to determine damages. The magistrate granted treble damages, pursuant to R.C. 2307.61(A)(1)(b)(ii), for a total amount of $68,199. Appellants subsequently filed what was deemed as an objection to the magistrate's decision, but they failed to appear at the objections hearing, and the trial court adopted the magistrate's decision.
 {¶ 2} Appellants did not file an appeal. After Nader Inc. attempted to execute upon the judgment, Appellants filed a Civ. R. 60(B) motion for relief from judgment. It is clear that Appellants are attempting to use Civ. R. 60(B) as an alternative to a direct appeal, which they failed to file, and as a means to present arguments that they failed to present in answer to the complaint and in objection to the magistrate's decision. Appellants also failed to produce a plausible meritorious defense to Nader Inc.'s complaint. One of the requirements for Civ. R. 60(B) relief is that the requesting party have a meritorious defense. Therefore, the judgment of the Mahoning County Court of Common Pleas is affirmed.
 BACKGROUND OF THE CASE *Page 3 {¶ 3} The Appellants in this case are Shadi A. Murra and Rose Sirhan. They are husband and wife, and are involved in a business venture named Rose Shadi Enterprise. Appellee Nader Inc. is a wholesaler of groceries and cigars. Nader Inc. regularly sold goods to Appellants. In June, 2005, Appellants drafted a check to Nader Inc. for $22,733. The check was dishonored due to insufficient funds. Although Nader Inc. has subsequently sold its business enterprise to a third party, it has retained the right to collect on the debt owed by Appellants.
 {¶ 4} On July 5, 2006, Nader Inc. filed a complaint against Appellants in the Mahoning County Court of Common Pleas. The complaint alleged breach of contract and theft. In the complaint Nader Inc. also sought treble damages. The record indicates that Appellant Rose Sirhan signed the delivery receipt for all three copies of the complaint.
 {¶ 5} Appellants failed to file any answer or other response to the complaint. On October 11, 2006, Nader, Inc., filed a motion for default judgment, which was granted on October 30, 2006. The case was referred to a magistrate to determine damages. No Appellant made an appearance to the magistrate. The magistrate issued its decision on December 6, 2006. The magistrate noted that R.C. 2307.61(A)(1)(b)(ii) provided for liquidated damages of three times the amount of the property subject to the underlying theft offense. The magistrate applied R.C. 2307.61(A)(1)(b)(ii) and granted treble damages for a total of $68,199.
 {¶ 6} On December 11, 2006, Appellant Shadi A. Murra filed a pro se letter with the court objecting to the magistrate's decision. The other two Appellants did not *Page 4 
file objections. Appellant Murra argued that the check for $22,733 was cashed and that the account was paid in full. A hearing was held on February 9, 2007. Appellants did not appear at this hearing. On February 12, 2007, the court overruled Appellants' objections, affirmed the magistrate's decision and entered judgment to Nader Inc. for $68,199, together with interests and the costs of the action. No appeal was taken.
 {¶ 7} On February 15, 2007, Nader Inc. filed two praecipes for certificates of judgment so that the judgments against each Appellant could be recorded as a lien.
 {¶ 8} On May 8, 2007, Nader Inc. filed motions for examination of judgment debtors. The motions were granted, and examination was scheduled for June 29, 2007.
 {¶ 9} On May 23, 2007, Appellants, through counsel, filed a Civ. R. 60(B) motion for relief from judgment. Appellants argued that Shadi A. Murra is the owner of a corporation named Rose Shadi Enterprise. They claimed that Rose Shadi is married to Shadi Murra, but that she has no involvement or interest in Rose Shadi Enterprise. Appellants argued that Mr. Murra drafted a check on his wife's checking account without consulting her, and that the check for $22,733 was returned due to insufficient funds. They asserted that they paid Nader Inc. the amount owed, however, which was received and deposited. They also argued that Mr. Murra got lost on his way to the February 12, 2007, hearing, and that is why he did not arrive on time. Appellants submitted no proof beyond a mere assertion that the debt had subsequently been paid. *Page 5 
 {¶ 10} On May 31, 2007, Nader Inc. filed a memorandum in opposition to the motion for relief from judgment. Nader Inc. filed evidence of the returned check, of previous returned checks, bank statements recording the returned checks, and other corroborative documentation. A hearing was held on June 8, 2007. The transcript of that hearing is not part of the record on appeal. On June 11, 2007, the court overruled the motion for relief from judgment. This timely appeal followed on July 10, 2007.
 ASSIGNMENT OF ERROR {¶ 11} "THE TRIAL COURT IMPROPERLY ABUSED ITS DISCRETION WHEN IT OVERRULED DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT AND STAY OF PROCEEDING."
 {¶ 12} This appeal involves a challenge to a decision overruling a Civ. R. 60(B) motion for relief from judgment. When reviewing a trial court's decision regarding a Civ. R. 60(B) motion for relief from judgment, a reviewing court will not reverse that decision unless the trial court abuses its discretion. Strack v. Pelton (1994),70 Ohio St.3d 172, 174, 637 N.E.2d 914. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably.State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153,684 N.E.2d 1237. Importantly, here, a motion for relief from judgment pursuant to Civ. R. 60(B) may not be used as a substitute for a timely appeal.Doe v. Trumbull Cty. Children Servs. Bd. (1986), 28 Ohio St.3d 128, 131,28 OBR 225, 502 N.E.2d 605. *Page 6 
 {¶ 13} Appellants are attempting to present on appeal an argument that they should have presented as an objection to the December 6, 2006, magistrate's decision. Appellants failed to appear at the hearing on the objections. They failed to file any motion, memorandum, or affidavit: they failed to file anything at all that can be construed as proof in support of their objection. Thus, the trial court eventually affirmed the magistrate's decision and entered it as the judgment in this matter. Subsequently, Appellants could have appealed the trial court's February 12, 2007, judgment. They did not. Instead, on May 23, 2007, Appellants filed a motion for relief from judgment, well after the 30-day deadline had passed for filing an appeal. Appellants are clearly attempting to use a Civ. R. 60(B) motion as a substitute for a direct appeal, which is not permitted.
 {¶ 14} Even if a Civ. R. 60(B) claim was appropriate, here, Appellants are not entitled to relief. Generally, a party seeking relief under Civ. R. 60(B) must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time."GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 150, 1 O.O.3d 86, 351 N.E.2d 113.
 {¶ 15} Appellants are claiming relief under Civ. R. 60(B)(3):
 {¶ 16} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the *Page 7 
following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;"
 {¶ 17} In order to prevail on a Civ. R. 60(B) motion, and in order to satisfy the second of the three requirements of GTE AutomaticElectric, the party filing the motion must provide operative facts in support of its defense sufficient to show that the movant might prevail at trial. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564. Although the moving party does not need to prove that it would prevail on its defense, there must be an affirmative demonstration of the existence of a possible defense. The very purpose of a hearing on a Civ. R. 60(B) motion is to verify the operative facts used to support the motion. Natl. City Bank v. Rini, 162 Ohio App.3d 662,2005-Ohio-4041, 834 N.E.2d 836, ¶ 22.
 {¶ 18} Appellants did not provide the trial court with any operative facts in support of their motion. Not once do they even mention where the supposed second payment of $22,733 came from, in what form the second payment was made, how the funds were delivered, or any fact surrounding the alleged second payment. In Appellants' memorandum in support of their Civ. R. 60(B) motion, they merely allege that they "tendered funds" to Nader Inc. in the same amount as the bounced check. Although Appellants do not explicitly state how they tendered these funds, they do say that, "Plaintiff fraudulently proceeded to collect on the first check." (Emphasis added.) (5/23/07 Motion, p. 3.) Appellants' reference to a "first" check appears to indicate that the funds were allegedly tendered by a second check. Yet, Appellants provide no specific information about this second check, or any other method of *Page 8 
payment for that matter. There is no mention of a checking account, a check number, who signed the check, who was the payee, or any other material detail. Needless to say, there is no cancelled check in the appropriate amount on the record.
 {¶ 19} Appellants rely entirely on a billing statement from Nader Inc. that records a bill for $23,733 on June 20, 2005, a payment by check #1004 in that same amount also on June 20, 2005, and a subsequent charge on July 19, 2005, for the bounced check and $20 returned check service fee. This billing statement appears to establish that Nader Inc. billed Appellants, received check #1004, the check was not honored, and Appellants were rebilled. There is nothing on the billing statement that reveals any second payment to cover the bounced check.
 {¶ 20} Appellants' argument on appeal also contradicts the allegations they raised on objection to the magistrate's decision. In their objections, they appeared to be arguing that there was money in the checking account when they delivered the check for $22,733, and that the money was actually deposited to Nader Inc.'s account. They alleged that someone tried to cash the same check a second time, and that is when the check was returned for insufficient funds. Obviously this theory makes no sense, since a check that has already cleared and is cancelled is nonnegotiable and would not be rejected due to insufficient funds. It would simply be returned or destroyed, not marked "NSF," as is indicated in the record. In short, the basis of Appellants' objections to the magistrate's decision was that there was enough money in the checking account; there was no "second check." In their *Page 9 
subsequent Civ. R. 60(B) argument, the allegation is that there was no money in the checking account, and the debt was paid with a second check. Without some type of verification by Appellants of the actual details of their alleged payment, particularly in light of the conflicting stories they gave to the trial court, they could not expect to prevail on a Civ. R. 60(B) motion.
 {¶ 21} Although Appellants do not raise the issue of the trial court granting treble damages, it should be noted that R.C. 2307.61(A)(1)(b)(ii) provides for liquidated damages of three times the amount of the property subject to a theft offense. The default judgment included judgment on the theft claim. In Ohio, passing bad checks is considered to be a theft offense and falls under R.C. 2307.61.X-Technology, Inc. v. MJ Technologies, 8th Dist. No. 80126, 2002-Ohio-2259, ¶ 27-32.
 {¶ 22} Assuming that Appellants are basing their claim for relief under Civ. R. 60(B) as "excusable neglect," they failed to provide evidence of excusable neglect, or even provide an explanation as to what the possible excusable neglect might be. The affidavits attached to the Civ. R. 60(B) motion do not match the arguments presented in the legal memorandum supporting the motion. The memorandum argues that Mr. Murra was late for the February 9, 2007, objections hearing because he lost his way, but Mr. Murra's affidavit attached to the memorandum states that he lost his way to a hearing held on December 5, 2006. Appellants have not established any basis for relief from judgment, and the trial court was correct in overruling the Civ. R. 60(B) motion. The judgment of the trial court is affirmed. *Page 10 
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1