DECISION AND JUDGMENT ENTRY
{¶ 1} James Packard ("Appellant") appeals the judgment of the Portsmouth Municipal Court denying his Civ. R. 60(B) motion for relief from judgment. He contends in his first assignment of error that the trial court abused its discretion when it denied his motion. He also argues in his second assignment of error that the trial court's ruling on his Civ. R. 60(B) motion for relief from judgment was against the manifest weight of the evidence. Because we find the trial court's decision was in no way unreasonable, arbitrary, or unconscionable, we overrule the Appellant's assigned errors and affirm its judgment. *Page 2 
 I. Facts {¶ 2} On August 2, 1992, Dennis Packard ("Appellee") filed a complaint in Portsmouth Municipal Court against the Appellant, seeking replevin of certain items. The claim arose out of the sale of a photography business in October 1985. On February 12, 1996, the court issued a decision and judgment entry which awarded various items, including but not limited to a back drop, a screen, miscellaneous props, a tripod, and a camera, to the Appellee. Included in the entry was the following statement: "[i]n the event the defendant fails to transfer the above described property, then the plaintiff may petition this Court for monetary judgment."
 {¶ 3} On May 28, 2003, the Appellee filed a motion to convert to monetary judgment, alleging the aforementioned items were not returned to him as ordered. On January 19, 2006, the trial court granted the motion, awarding the Appellee the sum of $7,348.00, plus 10% interest from February 12, 1996, for a total of $12,482.00. On January 12, 2007, the Appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B). The trial court denied the motion on May 15, 2007. The Appellant now appeals the trial court's decision, asserting the following assignments of error: *Page 3 
 II. Assignments of Error {¶ 4} 1. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B); UPHOLDING ITS JUDGMENT IN FAVOR OF THE APPELLEE, WITHOUT A HEARING.
 {¶ 5} 2. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B). SUCH RULING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. Legal Analysis {¶ 6} For ease of analysis, we will address the Appellant's assigned errors jointly. In his first assignment of error, the Appellant contends that the trial court abused its discretion when it denied his Civ. R. 60(B) motion for relief from judgment. In his second assignment of error, the Appellant contends the trial court's denial of his Civ. R. 60(B) motion for relief from judgment was against the manifest weight of the evidence. Civ. R. 60(B) provides, in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 (1) mistake, inadvertence, surprise or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); *Page 4 
 (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
 (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 (5) any other reason justifying relief from the judgment."
 {¶ 7} In an appeal from a Civ. R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion.Harris v. Anderson (2006), 109 Ohio St.3d 101, 102, 846 N.E.2d 43, citing State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153,684 N.E.2d 1237. An abuse of discretion implies that a court's ruling is unreasonable, arbitrary, or unconscionable; it is more than an error in judgment. State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149,151, 666 N.E.2d 1134.
 {¶ 8} In order to prevail on a Civ. R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Civ. R. 60(B) relief is improper if any one of *Page 5 
the foregoing requirements is not satisfied. Strack v. Pelton (1994),70 Ohio St.3d 172, 174, 637 N.E.2d 914.
 {¶ 9} In addition, if the Civ. R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19, 665 N.E.2d 1102; Coulson v. Coulson (1983),5 Ohio St.3d 12, 16, 448 N.E.2d 809. Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ. R. 60(B). S. Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661,667, 654 N.E.2d 1017.
 {¶ 10} In the case sub judice, the Appellant's Civ. R. 60(B) motion did not fulfill each of the aforementioned requirements. While the Appellant cites Civ. R. 60(B)(1), (3), (4), and (5) in support of his motion for relief from judgment, he cites no specific, ascertainable facts supporting relief under any of those sections. Likewise, he has not established that there is a meritorious defense or claim for him to present if relief is granted. In light of these circumstances, it was not an abuse of discretion for the trial court to deny the Appellant's Civ. R. 60(B) motion. The Appellant's assignments of error are accordingly overruled. *Page 6 
 {¶ 11} In our view, the trial court did not abuse its discretion when it denied the Appellant's motion for relief from judgment. Accordingly, we overrule his assigned errors and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.