DECISION AND JUDGMENT ENTRY
{¶ 1} Michele and Jack Martin ("Appellants") appeal the judgment of the Chillicothe Municipal Court awarding Benita Bower ("Appellee") $277.24. The Appellants contend the trial court erred when it determined the following: (1) the Appellants failed to prove the Appellee caused damages to their property; (2) the Appellants failed to prove that said damages went beyond reasonable wear and tear; and (3) the Appellants did not present an itemization of repairs for each instance of damage claimed. *Page 2 
Because we find the Appellants did not raise any of these arguments at the trial court level, we affirm the trial court's judgment.
 I. Facts {¶ 2} On October 19, 2006, the Appellee filed a small claims civil action against the Appellants in the Chillicothe Municipal Court in order to recover a security deposit in the amount of $575.00 held by the Appellants for a rental unit vacated by the Appellee. A hearing on the matter was set for November 11, 2006. A summons was served on the Appellants by certified mail and was received and signed for by Josh Martin on October 20, 2006.
 {¶ 3} The Appellants failed to appear on November 11, 2006 and the magistrate found against them in the amount of $1,150.00 under the authority of R.C. 5321.26(B) and (C), which authorize the doubling of a security deposit when the landlord fails to return the deposit or render an accounting within 30 days after the tenant vacates the premises or the date the tenant gives notice in writing of his or her new address, whichever occurs later. No attorney's fees were imposed on the Appellants at that time, as the Appellee was not represented by counsel.
 {¶ 4} The magistrate's decision was entered on November 9, 2006, and the parties were mailed notice of the decision. On November 15, 2006, the *Page 3 
Appellants filed an objection to the magistrate's decision asserting failure of service. The matter was eventually set for a small claims hearing on January 18, 2007. On February 1, 2007, the magistrate's decision was filed and was sent to the parties via regular U.S. mail on February 2, 2007. On February 16, the trial court adopted the magistrate's decision, and judgment was entered in the amount of $277.24, in favor of the Appellee. Of the judgment, $138.62 was a return of the portion of the security deposit wrongfully withheld from the Appellee, and the other $138.62 served as a penalty under R.C. 5321.16(B).
 {¶ 5} On March 29, 2007, the Appellants filed a motion for relief from judgment, which was overruled by the trial court on April 9, 2007 as untimely. The Appellants now appeal the decision of the trial court, asserting the following assignment of error:
 II. Assignment of Error {¶ 6} 1. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS IN FINDING THAT THE APPELLANTS FAILED TO PROVE APPELLEE CAUSED DAMAGES OR THAT DAMAGES WERE BEYOND REASONABLE WEAR AND TEAR OR DIDN'T PRESENT AN ITEMIZATION OF REPAIRS FOR EACH CLAIMED DAMAGE.
 III. Legal Analysis {¶ 7} In their sole assignment of error, the Appellants argue the trial court erred when it found they failed to prove the Appellee caused damages *Page 4 
to the rental property, that the alleged damages were beyond reasonable wear and tear, and that they didn't present an itemization of repairs for each of the damages alleged. They appeal from a decision on motion for relief from judgment.
 {¶ 8} In an appeal from a Civ. R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion.Harris v. Anderson (2006), 109 Ohio St.3d 101, 102, 846 N.E.2d 43, citing State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153,684 N.E.2d 1237. An abuse of discretion implies that a court's ruling is unreasonable, arbitrary, or unconscionable; it is more than an error in judgment. State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149,151, 666 N.E.2d 1134.
 {¶ 9} In order to prevail on a Civ. R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Civ. R. 60(B) relief is improper if any one of *Page 5 
the foregoing requirements is not satisfied. Strack v. Pelton (1994),70 Ohio St.3d 172, 174, 637 N.E.2d 914.
 {¶ 10} As a preliminary matter, we note that the only specific objection the Appellants filed to the magistrate's decision was a failure of service. They did not file objections to the magistrate's decision on the grounds they assert in their assignment of error.
 {¶ 11} It is a cardinal rule of appellate review that a party cannot assert new legal theories for the first time on appeal. Stores RealtyCo. v. Cleveland (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. Thus, a reviewing court will not consider an issue which a party failed to raise initially in the trial court. See Lippy v. Society Natl. Bank (1993), 88 Ohio App.3d 33, 40, 623 N.E.2d 108. The Appellants failed to make any specific objections, aside from their failure of service argument, at the lower court level. Applying this rule to the Appellants' argument, the Appellants have effectively waived any arguments they failed to assert at the trial court level. This includes the three grounds they advance in their assignment of error. In light of this rule, we find that the trial court did not abuse its discretion when it denied the Appellants' Civ. R. 60(B) motion for relief from judgment.
 {¶ 12} In addition to the $277.24 judgment awarded by the trial court, the Appellee requests an award of reasonable attorney's fees pursuant to *Page 6 
R.C. 5321.16(C) stemming from the Appellants' improper withholding of the Appellee's security deposit. In Smith v. Padgett (1987)312 Ohio St.3d 344, 513 N.E.2d 737, paragraph 3 of the syllabus, the Supreme Court of Ohio noted that under R.C. 5321.16(B) and (C), "a landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees." See also Klein v. Moutz, (2008) Ohio St.3d,2008-Ohio-2329. In light of this rule and our decision hereunder, we determine that the Appellee should be awarded reasonable attorney fees. We hereby direct the Appellee to submit to this court's Magistrate affidavits and other evidentiary material supporting the request for attorney's fees and costs in a detailed format.
JUDGMENT AFFIRMED.