[Cite as *SLSC Holdings, L.L.C. v. George*, 2014-Ohio-1049.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SLSC HOLDINGS, LLC, | : | APPEAL NO. C-130468 |
| | | TRIAL NO. A-0903986 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| SHAWN GEORGE, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed

Date of Judgment Entry on Appeal:  March 21, 2014

*Donnellon, Donnellon & Miller* and *Meghan Donnellon Hyden*, for Plaintiff-Appellant,

*James J. Whitfield*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Presiding Judge.**

{¶1}    Plaintiff-appellant SLSC Holdings, LLC, ("SLSC") appeals the judgment of the Hamilton County Court of Common Pleas granting defendant-appellee Shawn George's Civ.R. 60(B) motion to set aside the default judgment entered in favor of SLSC's predecessor in interest, Schott, Inc., ("Schott").

{¶2}    In October 2009, Schott obtained a default judgment against George in the amount of $20,628.37 in its action upon a promissory note.  Shortly thereafter, Schott initiated garnishment proceedings against George.  George did not appeal.

{¶3}    In October 2012, Schott assigned its rights and interest in the judgment to SLSC.

{¶4}    In February 2013, after SLSC had collected the entire amount owed by George on the judgment, the trial court terminated the garnishment of George's earnings and entered a satisfaction of judgment.

{¶5}    In April 2013, George filed a Civ.R. 60(B) motion to set aside the October 2009 default judgment.  He alleged that the documentation supporting Schott's claim had contained errors and inconsistencies that "may [have] amount[ed] to fraud" by Schott. Following a hearing, the trial court granted the motion pursuant to Civ.R. 60(B)(3), which allows a judgment to be set aside for "fraud * * *, misrepresentation, or other misconduct of an adverse party."

{¶6}    In a single assignment of error, SLSC argues that the trial court erred by granting George's Civ.R. 60(B) motion to set aside the default judgment.  We review a trial court's Civ.R. 60(B) determination for an abuse of discretion.  *See State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997).

{¶7}    To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)

through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec. Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶8}   In this case, George's Civ.R. 60(B)(3) motion was filed more than three years after the default judgment, and thus well outside the one-year time limit set forth in Civ.R. 60(B). *See, e.g., Kell v. Verderber*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223 (trial court did not err in denying a Civ.R. 60(B)(3) motion because it was filed more than one year after the final decree); *Melton v. Melton*, 1st Dist. Hamilton No. C-130123, 2013-Ohio-4790 (trial court did not abuse its discretion in denying a Civ.R. 60(B)(1) motion made more than two years after the judgment).  Consequently, the trial court erred by granting George's untimely Civ.R. 60(B)(3) motion.

{¶9}   We sustain the assignment of error and reverse the trial court's judgment.

*Judgment reversed.*

**DINKELACKER** and **DEWINE, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.