[Cite as *Miller Fireworks Co., Inc. v. Jackson*, 2014-Ohio-2545.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| MILLER FIREWORKS COMPANY, INC. | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 13CA30 |
| v. | : | |
| | | DECISION AND |
| BUTCH JACKSON, ET AL., | : | JUDGMENT ENTRY |
| Defendants-Appellants. | : | RELEASED 06/05/2014 |

APPEARANCES:

Trina K. Jackson, pro se, Zanesville, Ohio, Appellant.

Erik G. Chappell, Lyden & Chappell, Ltd., Sylvania, Ohio, for Appellee.

Hoover, J.

{¶ 1} In May 2013, appellant Trina K. Jackson filed a motion to relieve her from a judgment that had been rendered in favor of Miller Fireworks Company, Inc. Miller Fireworks Company, Inc. had obtained a default judgment against Trina K. Jackson, Butch Jackson, and James E. Jackson[1] in December 2005. Trina K. Jackson had argued that she was unaware of the purchase that James E. "Butch" Jackson had made from Miller Fireworks Company, Inc. Trina K. Jackson also argued that she and James E. "Butch" Jackson had been going through a divorce at the time the original case was pending and that their final decree of divorce ordered James E. "Butch" Jackson to pay the obligation to Miller Fireworks Company, Inc. The trial court found that Trina K. Jackson had waited almost eight years to object to the trial court's entry of judgment against her. The trial court found that the eight years was not a reasonable amount of

_____
[1] Butch Jackson and James E. Jackson are the same person. "Butch" is a nickname for James E. Jackson.

time. Further, the trial court found that the divorce order does not protect her from obligations to Miller Fireworks Company, Inc. The trial court denied Trina K. Jackson's motion to relieve her from judgment. Trina K. Jackson timely filed her notice of appeal of the trial court's judgment. For the following reasons, we affirm the trial court's judgment.

I. Factual & Procedural Background

{¶ 2} Appellee, Miller Fireworks Company Inc., originally filed a complaint in the Washington County Court of Common Pleas on October 7, 2005. This complaint was filed against Butch Jackson, Jackson General Contracting, Inc., James Jackson, and appellant Trina K. Jackson. In the complaint, Miller Fireworks Company Inc. alleged that it had sold fireworks to the defendants. Miller Fireworks Company Inc. also alleged that the defendants had not paid for the fireworks and that the defendants owed Miller Fireworks Company Inc. the amount of $17,336 along with interest and costs of the action. Miller Fireworks Company Inc. attached a copy of the account statements to the complaint.

{¶ 3} The Clerk of Courts for the Washington County Court of Common Pleas issued summons along with copies of the complaint to all defendants by U.S. certified mail; however, each of the letters were returned to the clerk with the stamped designation of "unclaimed." Thereafter, on October 27, 2005, the Clerk's Office notified Miller Fireworks Company Inc.'s attorney of the failure of service upon the defendants, including appellant Trina K Jackson. On October 31, 2005, Miller Fireworks Company Inc.'s attorney requested regular mail service upon the defendants. The Clerk of Courts then issued the summons and the complaint to the defendants by ordinary mail. A certificate of mailing shows that the ordinary mail was sent to

Trina K. Jackson and the other defendants on November 1, 2005. The ordinary mail envelopes were not returned by the postal authorities with endorsements showing failure of delivery.

{¶ 4} None of the defendants, including Trina K. Jackson, filed an answer or otherwise pleaded in response to the complaint. As a result, on December 2, 2005, Miller Fireworks Company Inc. filed a motion for default judgment against all defendants. The trial court then granted the motion for default judgment and issued a default judgment entry on December 5, 2005. The trial court ordered judgment in favor of Miller Fireworks Company Inc. against the defendants "in the amount of $17,336.00, with interest from October 5, 2005 at the statutory rate of 5.0% per annum; and for court costs herein expended." The default judgment entry was served upon all defendants including appellant Trina K. Jackson by ordinary mail service as indicated by certificate of mailing on December 6, 2005. No letter was returned to the Clerk of Court's Office showing failure of delivery.

{¶ 5} Almost 7 1/2 years later, appellant Trina K. Jackson filed a motion to relieve from judgment. In her motion, Trina K. Jackson admitted that defendant James "Butch" Jackson purchased fireworks from Miller Fireworks Company, Inc. Trina K. Jackson, however, argued that she was unaware of the purchase and that she was not present during the purchase. She also alleges that she and James "Butch" Jackson were in the process of a divorce at the time. She states that the divorce was granted in August 2006 and that the trial court had ordered "each party is liable for their own debts."

{¶ 6} On July 8, 2013, Miller Fireworks Company Inc. filed its motion opposing Trina K. Jackson's motion to relieve from judgment. Thereafter, the trial court denied the motion to

relieve from judgment on July 15, 2013. The trial court noted that Trina K. Jackson made no allegation that she had no knowledge of the lawsuit. The trial court reasoned as follows:

> This Defendant has waited almost 8 years to object to this Court's entry of judgment against her. This is not a reasonable amount of time. Her divorce order does not protect her from obligations to the Plaintiff and other creditors unless the Plaintiff and other creditors had been made a party to her divorce action. No request was made in the parties' divorce to add additional defendants.

{¶ 7} Trina K. Jackson timely filed her notice of appeal on August 6, 2013.

## II. Assignments of Error

{¶ 8} Appellant assigns the following errors for our review:

### Assignment of Error I

"Appellant was denied her right to notice of the lawsuit filed against her in case no. 05 OT 297 as prescribed by the 'due process' clause of the fourteenth amendment of the Constitution of the United States of America and Ohio Civil Rule 3 (A) where she was never served with the complaint or summons in that case."

### Assignment of Error II

"The Trial Court erred in stating 'final divorce order was for her co-defendant to pay this obligation."

### Assignment of Error III

"The Trial Court Erred in stating 'the defendant waited almost 8 years to object to this Court's Entry of Judgment against her'. 'Her divorce order does not protect

her from obligations to the Plaintiff and other creditors unless the Plaintiff and other creditors had been made a party to her divorce action.' Trial Court did not have jurisdiction over the defendant-appellant Trina K. Jackson."

Assignment of Error IV

"Defendant-Appellant Trina K. Jackson Erred by not including an affidavit of facts with her Motion for Relief. Trial Court erred in stating 'she makes no allegation that she had no knowledge of this suit.' "

III. Law & Analysis

{¶ 9} We will address appellant's first, fourth, and a portion of her third assignments of error together as they are related. The assignments of error deal with whether service of the original lawsuit was perfected upon appellant, whether she knew about the lawsuit, and whether the trial court had jurisdiction over the appellant. In appellant's first assignment of error, she claims that her due process rights were violated as she was "denied her right to notice of the lawsuit" and that "she was never served with the complaint or summons in that case." In her fourth assignment of error, appellant claims that the trial court erred when it stated that "she makes no allegation that she had no knowledge of this suit." In her third assignment of error, appellant claims that the trial court did not have jurisdiction over her.

{¶ 10} "Generally, Civ. R. 60(B) motions for relief from judgment are committed to a trial court's sound discretion and its ruling should not be disturbed absent an abuse of that discretion." *Wells Fargo Bank, N.A., v. Smith, et al.*, 4th Dist. Gallia No. 13CA6, 2014-Ohio-1802, ¶ 8, citing *State ex rel. Russo v. Deters,* 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997); *Griffey v. Rajan,* 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). "An abuse of discretion

connotes more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary or unconscionable." *Id*., citing *Landis v. Grange Mut. Ins. Co.,* 82 Ohio St.3d 339, 342, 695 N.E.2d 1140 (1998); *Malone v. Courtyard by Marriott L.P*., 74 Ohio St.3d 440, 448, 659 N.E.2d 1242 (1996). "In applying the abuse of discretion standard, appellate courts must not substitute their judgment for that of the trial court." *Id*., citing *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1,* 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶ 11}  "To prevail on a Civ. R. 60(B) motion, a movant must demonstrate that: (1) they have a meritorious defense or claim to present if relief is granted; (2) they are entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Id*., citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus; *see also Griffey* at 76, fn. 1.

{¶ 12} Civ.R. 60(B) states as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or

it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.

{¶ 13} First of all, appellant did not argue failure of service of the lawsuit in the trial court in her motion for relief from judgment. She also did not argue that she had no knowledge of the lawsuit nor did she make any jurisdictional arguments. She has forfeited or waived these arguments by failing to raise them in her motion for relief from judgment. However, we will review these assignments of error for plain error. " 'In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *Faulks v. Flynn,* 4th Dist. Scioto No. 13CA3568, 2014-Ohio-1610, ¶ 20, quoting *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶ 14} We will first examine the service issues in this case. Civ.R. 4.6(D) states as follows:

If a United States certified or express mail envelope attempting service within or outside the state is returned with an endorsement stating that the envelope was unclaimed, the clerk shall forthwith notify the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact and method of notification on the appearance docket. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party.

{¶ 15} In this case, the summons and complaint were issued to Trina K. Jackson by United States certified mail. Although the service was not obtained due to the return of the certified mail as "unclaimed," the attorney for Miller Fireworks Company Inc. then requested that the summons and complaint be issued by regular mail service. As a result, the clerk sent by United States ordinary mail a copy of the summons and complaint to Trina K. Jackson. The

mailing was evidenced by a certificate of mailing which was completed and filed by the clerk. The ordinary mail envelope was not returned by the postal authorities with an endorsement showing failure of delivery. Service was perfected upon Trina K. Jackson in compliance with the Ohio Rules of Civil Procedure. Trina K. Jackson's due process rights were not violated.

{¶ 16} Likewise, when reading the appellant's motion for relief from judgment, we do not find where appellant argued that she had no knowledge of the lawsuit. We also do not find where appellant argued that the trial court did not have jurisdiction over her. Because service was perfected upon Trina K. Jackson pursuant to the Ohio Rules of Civil Procedure, we do not believe that she had no knowledge of the lawsuit. We also find that the trial court did have jurisdiction to proceed against appellant. The basic fairness, integrity, or public reputation of the judicial process has not been undermined; therefore, plain error is not found.

{¶ 17} Since appellant has not established error, much less plain error, with respect to the service and jurisdictional issues and whether she knew about the lawsuit, we overrule her first and fourth assignments of error. We also overrule the portion of her third assignment of error with respect to the jurisdictional issue.

{¶ 18} Next, we will address the second assignment of error and the remainder of the third assignment of error together as they are related. Both assignments deal with the divorce between appellant and her co-defendant. Appellant argued in her motion to relieve judgment that in her divorce from her co-defendant, it was ordered "each party is liable for their own debts."

{¶ 19} In neither appellant's motion for relief from judgment nor in her appellate brief does she cite or rely upon any of the five grounds for relief set forth in Civ.R. 60(B). Even assuming that appellant's divorce arguments could be construed to fit under the fifth

ground as "any other reason justifying relief from the judgment," 7 1/2 years is not a reasonable amount of time to allow to pass before making the motion for relief from judgment. Therefore, we find that the trial court did not abuse its discretion in overruling appellant's motion for relief from judgment.

## IV. Conclusion

{¶ 20} For all of these reasons, we find no merit in the appellant's assignments of error. We overrule the assignments of error and affirm the judgment of the trial court. The judgment is hereby affirmed.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J.: Concurs in Judgment & Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

By:_____
       Marie Hoover, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.