[Cite as *Bank of New York Mellon v. Slover*, 2017-Ohio-7321.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105075**

## BANK OF NEW YORK MELLON

PLAINTIFF-APPELLEE

vs.

## BRIAN M. SLOVER, SR., ET AL.

DEFENDANTS-APPELLANTS

### JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-834605

**BEFORE:** Keough, A.J., Boyle, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 24, 2017

**APPELLANT**

Brian M. Slover, Sr., pro se
6463 West 130th Street
Parma Heights, Ohio 44130


**ATTORNEYS FOR APPELLEE**

John E. Codrea
Matthew P. Curry
Ann M. Johnson
Matthew J. Richardson
Justin M. Rich
Manley, Deas & Kochalski, L.L.C.
P.O. Box 165028
Columbus, Ohio 43216

**For Cuyahoga County Clerk of Courts**

Nora Hurley
Cuyahoga County Law Department
2079 East Ninth Street, 7th Floor
Cleveland, Ohio 44115

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Brian M. Slover, Sr., appeals the trial court's decision denying his motion to vacate judgment. Finding no merit to the appeal, we affirm the trial court's decision.

{¶2} In 2004, Slover and his wife, Celina, executed a mortgage on their property at 6463 West 130th Street, Parma, Ohio, to secure amounts due on a promissory note signed by Slover and in favor of GreenPoint Mortgage Funding, Inc., as lender, and Mortgage Electronic Registration Systems, Inc. ("MERS"), as mortgagee and nominee for the lender. The mortgage and note were subsequently assigned to plaintiff-appellee, Bank of New York Mellon ("Mellon") in May 2012. In May 2014, a corrective assignment of mortgage was recorded.

{¶3} In October 2014, Mellon commenced this foreclosure action as a result of Slover's default under the terms of the note and mortgage due to nonpayment. The complaint did not seek a personal judgment against Slover because the note was discharged in bankruptcy proceedings. Rather, Mellon sought to enforce its security interest and recover from the sale of the property the remaining principal amount due of $107,000, plus interest, applicable charges, and allowable expenses.

{¶4} Although properly served with a copy of the complaint, Slover did not file an answer. Accordingly, Mellon moved for default judgment, and the motion was assigned to a magistrate for consideration. Again, although properly served with notice of the magistrate's hearing, Slover failed to appear. Following a hearing, the magistrate

entered an order of foreclosure and sale of the property.

{¶5} Slover did not file objections to the magistrate's decision, and on February 10, 2016, the trial court issued an order adopting the magistrate's decision and entering an order of foreclosure and sale. In August 2016, Slover filed a "claim for relief from judgment/motion to vacate judgment" contending that the judgment is void because Mellon had no standing to bring the action, and there was no contractual agreement between him and Mellon. Specifically, Slover maintained that he never received notice of the assignment from GreenPoint to Mellon and thus, the assignment was obtained by fraud.

{¶6} The trial court treated Slover's motion as a Civ.R. 60(B) motion to vacate and denied the motion, finding that Slover failed to satisfy his burden of demonstrating that he is entitled to relief. The court further noted that his motion was untimely.

{¶7} Slover now appeals,[1] raising the following four assignments of error:

Assignment of error I:
The trial court violated appellant Brian M. Slover, Sr.'s constitutional right to redress when the trial court conducted no trial.

Assignment of error II:
The trial court violated appellant Brian M. Slover, Sr.'s constitutional right to be secure in their houses, when it ordered sheriff's sale based upon incomplete and redacted evidence, presented by appellee.

---

[1]We take judicial notice that after he appealed this decision, Slover filed a motion to stay the order for sheriff's sale. Although the court granted the motion, the court also noted that Slover withdrew his stay request. On May 1, 2017, the property was sold and on July 17, 2017, the trial court confirmed the sale.

Assignment of error III:
The trial court violated appellant Brian M. Slover, Sr.'s constitutional right and erred when entering a judgment that was not derived from the law of contracts.

Assignment of error IV:
The trial court violated appellant Brian M. Slover, Sr.'s constitutional right to a jury trial as guaranteed by the seventh amendment.

{¶8} A reviewing court will not disturb a trial court's decision regarding a Civ.R. 60(B) motion absent an abuse of discretion. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997). To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (B)(5);[2] and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceedings was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983).

{¶9} In his motion to vacate, Slover asserted he was entitled to relief because the

---

[2]Those grounds are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment has been satisfied, released, or discharged; and (5) any other reason justifying relief from the judgment.

mortgage on his property is void, thereby rendering any judgment on that mortgage void. The gist of Slover's arguments was that Mellon did not have standing to foreclosure on the mortgage because he did not receive notice of the assignment of the mortgage from GreenPoint to Mellon, and thus, he had no contract or contractual obligation with Mellon.

{¶10} We summarily overrule Slover's assignments of error on the basis of res judicata because the assignments challenge the trial court's decision entering an order of foreclosure and sale — an order that Slover did not timely appeal. "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 16; citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8-9. More specifically, "[l]ack of standing is an issue that is cognizable on appeal, and therefore it cannot be used to collaterally attack a judgment in foreclosure." *Kuchta* at paragraph two of the syllabus.

{¶11} In this case, Slover is improperly attempting to challenge the trial court's judgment with a motion to vacate on the ground that Mellon lacked standing and a right to enforce the loan documents against him. Because these issues could have been raised in the trial court or in a timely appeal from the trial court's judgment, res judicata bars Slover's arguments.

{¶12} Moreover, even considering the arguments raised in his motion to vacate under the *GTE* requirements, Slover has failed to demonstrate that he has a meritorious defense or claim if the judgment is vacated. Additionally, he has failed to produce

operative facts to indicate that he has a basis for relief under Civ.R. 60(B)(1)-(5). At best, Slover claims that Mellon filed fraudulently obtained documents with the trial court, thus raising the possibility that Mellon may have committed fraud under Civ.R. 60(B)(3). However, Slover filed his motion more than one year after the trial court entered judgment of foreclosure and sale; thus his motion is untimely under Civ.R. 60(B).

{¶13} Accordingly, the trial court did not abuse its discretion in denying Slover's motion to vacate judgment. The assignments of error are overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
PATRICIA ANN BLACKMON, J., CONCUR