DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Mid-Ohio Securities ("Mid-Ohio") has appealed from an order of the Summit County Court of Common Pleas that granted Defendant-Appellee Equicredit Corporation of America's ("Equicredit") motion for relief from judgment. This Court reverses and remands.
 I {¶ 2} As an initial matter, this Court notes that Equicredit failed to file an appellate brief in the instant appeal. Pursuant to App.R. 18(C), this Court may accept Mid-Ohio's statement of the facts and issues as presented in its brief as correct and reverse the judgment of the trial court if Mid-Ohio's brief reasonably appears to sustain such action.
 {¶ 3} On April 5, 2001, Mid-Ohio filed a complaint in the Summit County Court of Common Pleas naming Equicredit and numerous other parties as co-defendants in an action for foreclosure of its judgment lien on property owned by John and Carla Wolfe in Summit County, Ohio. Equicredit laid claim to an interest in the Wolfe property by virtue of a mortgage deed executed in favor of Accredited Home Lenders, Inc. Equicredit was served with a copy of the complaint on April 12, 2001. It never answered the complaint and, as a result, an order of foreclosure was entered by the trial court on September 5, 2001. On September 10, 2001, Equicredit filed a motion for relief from judgment, which was granted by the trial court on March 11, 2003.[1]
 {¶ 4} Equicredit has timely appealed, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING [EQUICREDIT'S CIV.R. 60(B)] MOTION TO VACATE THE DEFAULT JUDGMENT[.]"
 {¶ 5} In its sole assignment of error, Mid-Ohio has argued that the trial court abused its discretion when it granted Equicredit's motion for relief from judgment. Specifically, Mid-Ohio has argued that Equicredit failed to show that it was entitled to relief from judgment under Civ.R. 60(B)(1) through (5) as required by GTE Automatic Electricv. ARC Industries (1976), 47 Ohio St.2d 146. Mid-Ohio has asserted that, as a result, relief from judgment was not supported by law. We agree.
 {¶ 6} Civ.R. 60(B) states, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R. 59(B)]; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B).
 {¶ 7} In order to obtain relief from judgment under Civ.R. 60(B), a movant must show the following three elements: 1) a meritorious defense or claim if relief is granted; 2) entitlement to relief under Civ.R. 60(B)(1)-(5); and 3) that the motion was filed within a reasonable time not more than one year from the entry of judgment if the movant alleges entitlement to relief under Civ.R. 60(B)(1)-(3). GTE Automatic Electric,47 Ohio St.2d 146, at paragraph two of the syllabus. Each of these elements must be met independently of each other in order for the trial court to justify granting relief from judgment. Strack v. Pelton (1994),70 Ohio St.3d 172, 174, quoting GTE Automatic Electric,47 Ohio St.2d at 151.
 {¶ 8} A trial court's decision to grant relief from judgment is reviewed by this Court under an abuse of discretion standard. State exrel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153. Under this standard, a reviewing court essentially asks itself if the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When the trial court's decision to grant relief from judgment under Civ.R. 60(B) is at issue, abuse of discretion is found if the trial court grants relief when the movant has failed to satisfy the GTE three-part test. Russo, 80 Ohio St.3d at 154.
 {¶ 9} In the instant matter, Mid-Ohio has argued that Equicredit failed to satisfy the second prong of the GTE test because it failed to show excusable neglect for its failure to answer Mid-Ohio's original complaint which was filed on April 5, 2001. This Court will, therefore, limit its analysis to whether or not part two of the GTE test was satisfied by a showing of excusable neglect.
 {¶ 10} Equicredit admitted in its motion for relief from judgment that "[a]lthough service was perfected on [Equicredit] in April of 2001, this matter was not timely forwarded to counsel prior to the [e]ntry of [j]udgment for a response to [Mid-Ohio's] [c]omplaint." Equicredit asserted that its mortgage on the property subject to foreclosure was the first and best mortgage. Based on this belief, Equicredit further asserted in its motion for relief from judgment that equity "would require the [c]ourt * * * to place [Equicredit] in a first mortgage position." The trial court granted Equicredit's request for relief from judgment finding that Equicredit's conduct constituted excusable neglect. The trial court stated in its order granting relief, that "[i]t is undisputed that the [s]ummons and [c]omplaint were properly issued to [Equicredit]. From [Equicredit's] assertion, it appears that the mistake or excusable neglect occurred between the forwarding of the [s]ummons and [c]omplaint to counsel and its reception by [Equicredit]."
 {¶ 11} This Court has consistently held that failure to forward a complaint to an attorney or retain legal assistance after being served with a complaint does not constitute excusable neglect. See Casalinovav. Solaro (Sept. 27, 1989), 9th Dist. No. 14052, at 10, certiorari denied (1990), 469 U.S. 937, 110 S.Ct. 3215, 110 L.Ed.2d 663, quoting AssociatedEstates Corp. v. Fellows (1983), 11 Ohio App.3d 112, 116; see also Curryv. J. Bowers Construction, Inc. (Feb. 28, 2001), 9th Dist. No. 20287, at 5. In addition, this Court has consistently held that "the failure to plead or respond after admittedly receiving a copy of a complaint is generally not excusable neglect." LaSalle Natl. Bank v. Mesas, 9th Dist. No. 02CA008028, 2002-Ohio-6117, at ¶ 13, citing Shannon v. Shannon, 4th Dist. No 00CA46, 2001 Ohio App. LEXIS 4456.
 {¶ 12} We find that the case at bar falls squarely under the guise of the long-established line of jurisprudence cited above. Equicredit admitted that it failed to forward the complaint to counsel, secure counsel after being served, or answer Mid-Ohio's original complaint.[2]
We find that its conduct did not meet the standard for excusable neglect. Without a showing of entitlement to relief under Civ.R. 60(B), relief from judgment was inappropriate. As such, we find that the trial court abused its discretion when it granted Equicredit's request for relief from judgment. Mid-Ohio's assignment of error is well taken.
 III {¶ 13} Mid-Ohio's assignment of error is sustained. The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Slaby, P.J., and Baird, J. concur.
[1] In the case at bar, Defendant-Appellee LaSalle National Bank ("LaSalle") was also found in default on September 5, 2001. On January 3, 2002, it filed a motion for relief from judgment, which was granted by the trial court on March 11, 2003. Mid-Ohio has specifically not appealed the relief from judgment granted to LaSalle, yet LaSalle chose to file an appellate brief in the instant matter. Because the assignment of error in the case sub judice does not pertain to LaSalle's relief from judgment, this Court will disregard LaSalle's brief.
[2] Equicredit appears to have been under the misguided belief that the rules of priority in secured transactions trump the rules of civil procedure in a court of law. Assuming, arguendo, that Equicredit's mortgage on the subject property did have priority over other secured parties, that priority did not give Equicredit a "free pass" on the rules of civil procedure; its obligation to at least answer Mid-Ohio's complaint remained steadfast.