DECISION AND JUDGMENT
{¶ 1} Appellant appeals a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, denying a motion for relief from a 1996 divorce decree and subsequent Military Qualifying court order. For the reasons that follow, we reverse.
 {¶ 2} Appellant, Todd E. Mitchell, and appellee, Kelly J. Mitchell, were married on November 4, 1989. Throughout the marriage, appellant served in the United States *Page 2 
Air Force. On April 11, 1995, appellant filed a complaint seeking a divorce. Appellee answered and filed a cross-complaint for divorce.
 {¶ 3} The matter came before the court for hearing on December 18, 1995. According to the resultant judgment entry, at that hearing the parties read into the record an oral separation agreement, later memorialized in a divorce decree. In material part, the decree provides:
 {¶ 4} "5. Defendant [sic][1] shall assign and transfer to Plaintiff, [sic] at his expense, one half of his military pension benefits accumulated by him from November 4, 1989 through and includingDecember 18, 1995." (Emphasis added.)
 {¶ 5} The divorce was final on April 1, 1996. On September 12, 1996, the court entered a Military Qualifying court order, assigning to appellee benefits from appellant's eventual military retirement in an amount equal to "* * * 50% of the marital portion of [appellant's] final disposable retired pay * * * earned during the marriage (which shall be defined as the period from November 4, 1989 until April 1, 1996)." (Emphasis added.)
 {¶ 6} On December 13, 2007, appellant moved for relief from judgment with respect to the apportionment of his military pension. Appellant argued that any division of his military pension was erroneous because in 1996 his pension was not vested and, therefore, had a value of zero dollars. Moreover, appellant insisted, the September 1996 order was entered without jurisdiction and in conflict with the terms of the April 1996 *Page 3 
judgment. When the trial court denied appellant's Civ. R. 60 (B) motion, he initiated this appeal. Appellant sets forth the following two assignments of error:
 {¶ 7} "Assignment of Error Number One. The trial court abused its discretion by denying appellant's motion for relief from judgment and sustaining a Military Qualifying Order which by its terms is in conflict with the court's own journal and of which appellant had no notice.
 {¶ 8} "Assignment of Error Number Two. The trial court abused its discretion by denying the appellant's motion for relief from judgment without a hearing."
 {¶ 9} Civ. R. 60(B), in material part, provides:
 {¶ 10} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *" *Page 4 
 {¶ 11} "2. To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 12} The question of whether relief should be granted or denied is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion is more than a mistake of law or an error of judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. It is an abuse of discretion for a trial court to deny a motion for relief from judgment if the movant has satisfied the three-part GTE test. Mid Ohio Sec. v. Wolfe, 9th Dist. No. 21511, 2003-Ohio-5787, ¶ 8.
 {¶ 13} The trial court found that appellant had failed to submit affidavits or other evidentiary material to establish either the timeliness of the motion or grounds for relief under either Civ. R. 60(B)(4) or (5). In order to prevail on a motion for relief from judgment, each of the necessary elements must be demonstrated through evidence sufficient to prove the operative facts. Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 105. Nevertheless, "[i]f the movant files a motion for relief from judgment and it *Page 5 
contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." Id. Thus, if appellant's motion for relief alleged any operative facts which might justify setting aside the contested order, the court should have conducted a hearing.
 {¶ 14} The trial court concluded that non-vested military pension benefits may properly be found to be marital property subject to division and that it retained jurisdiction to enforce its division of property. Both propositions are supported in law. Siler v. Siler (July 25, 1994), 12th Dist. No. CA93-10-081; Collins v. Collins (2000), 139 Ohio App.3d 900, 906. Consequently, appellant's jurisdictional issue and his assertions concerning the divisibility of a non-vested pension do not provide grounds to set aside the judgments in question.
 {¶ 15} The trial court also noted that the filing of a qualified domestic relations order, the civilian equivalent of a Military Qualifying order, is a final appealable order for which an appeal must be perfected within 30 days. Coutcher v. Coutcher, 6th Dist. No. L-02-1054, 2003-Ohio-791, ¶ 11. A motion for relief from judgment may not be used as a substitute for an appeal. A challenge to the correctness of a court's decision on the merits is appealable.Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686. Since appellant failed to timely appeal either the April 1996 divorce decree or the September 1996 Military Qualifying order, the trial court concluded that the topic of appellant's motion was barred as an attempt to substitute a Civ. R. 60(B) motion for an appeal. *Page 6 
 {¶ 16} Appellant suggested in his motion for relief, however, that he could not have timely appealed the Military Qualifying order because he was unaware of its existence. The record contains a certificate of service from appellee's counsel certifying that the motion for the Military Qualifying order was sent not only to appellant's counsel of record, but to appellant himself. The record is less clear about service of the order itself.
 {¶ 17} Civ. R. 58(B) provides that:
 {¶ 18} "[w]hen the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the * * * and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)."
 {¶ 19} In this matter, there is no notation on the Military Qualifying order from the court to serve the parties and the only notation on the appearance docket is that the Military Qualifying order was "Mailed by 9/17/96." The notation fails to include to whom it was mailed. Consequently, the record does not clearly belie appellant's assertion that he was wholly unaware of the Military Qualifying order until shortly before he filed his Civ. R. 60(B) motion. *Page 7 
 {¶ 20} On its face, the Military Qualifying order is inconsistent with the divorce decree. If appellant never received notice of the judgment, either personally or through counsel, he would have been denied an opportunity to be heard concerning this discrepancy. For this reason, we believe appellant has raised matters in his motion for relief from judgment about which he should be afforded the opportunity to give evidence at a hearing on the motion.
 {¶ 21} Accordingly, appellant's second assignment of error is found well-taken. His first assignment of error is moot.
 {¶ 22} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 8 
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR.
[1] The entry inverts the roles of the parties, but clearly is intended to relate to plaintiff-appellant's military pension. Appellant does not contest this intent. *Page 1